510 P.2d 410

**Mary E. RICHERT, Appellant,**

v.

**EMPLOYMENT SECURITY COMMISSION of Arizona, Appellee.**

**No. 1 CA–CIV 2094.**

Court of Appeals of Arizona, Division 1.

June 5, 1973.

Rehearing Denied July 5, 1973.

Review Denied Sept. 18, 1973.

Mary E. Richert, in pro. per.

Gary K. Nelson, Atty. Gen., by James A. Tucker and Walter A. Chapko, Asst. Attys. Gen., Phoenix, for appellee.

KRUCKER, Judge.

This is an appeal by Mary E. Richert, appellant herein, from a judgment of the superior court affirming the decision of the Commission, appellee herein, disqualifying appellant from receiving unemployment insurance benefits for the period from June 27, 1971 through September 25, 1971.

Appellant had been filing claims weekly and on August 5, 1970, filed a claim for unemployment benefits for the week ending August 1. The IBM claim card read in part:

"During the seven days covered by this claim, except as shown on this claim, I was unemployed, earned no wages and received no benefits. . . ."

The claims deputy who processed the August 5 claim wrote "none" in the space designated "Total Wages" since, according to his testimony, he would not have done so unless appellant had told him there were no earnings.

At the bottom of the IBM card were the printed words, "I KNOW THAT THE LAW PROVIDES PENALTIES FOR FALSE STATEMENTS IN CONNECTION WITH THIS CLAIM," beneath which appellant signed in the signature space.

A few days later appellant received and cashed a check for unemployment benefits for the week ending August 1. A routine audit by the Agency, however, disclosed that she had in fact worked two days of that week as a waitress in a coffee shop and was paid $13.20.

On August 20, 1971, a claims deputy determined that appellant had knowingly made a false statement with intent to obtain benefits when she filed the claim for the week ending August 1, 1970. Pursuant

to A.R.S. § 23–778,[1] appellant was disqualified from receiving unemployment compensation benefits for the period from June 27, 1971 through September 25, 1971.

Appellant appealed the deputy's determination and an Appeal Tribunal hearing was held on October 4, 1971. The tribunal affirmed the deputy's determination that "the claimant knowingly made a false statement with intent to obtain benefits."

Appellant pursued all available administrative remedies without success and then sought judicial review pursuant to A.R.S. § 23–681, as amended. The lower court affirmed the Commission's decision and this appeal followed. Appellant has alleged several procedural errors on appeal. We shall consider these contentions *seriatim*.

Initially, appellant contends that the record considered by the superior court was incomplete because it "does not contain any correspondence from appellant requesting appeal, requesting appeal hearing, appellant's statement of position, etc." Under A.R.S. § 23–681, as amended, it is the duty of the Commission to transmit to superior court an original or certified copy of the entire record of the proceeding under review.

We find that the record which was forwarded to the superior court contained a Submission of Record of Proceedings and a Supplemental Submission of Proceedings. Having reviewed all these documents we are of the opinion that the Commission complied with its statutory duty and that the record was complete.

Appellant next attacks the mode of review by the superior court, apparently because a pre-trial conference was set which is not within the procedures under A.R.S. § 23–681, as amended. However, a minute entry dated March 10, 1972, clearly indicates that the superior court judge confined his considerations to the record submitted pursuant to A.R.S. § 23–681, as amended. There is no indication, and the appellant does not contend otherwise, that evidence dehors the Commission's record was considered by the superior court.

Appellant next contends that she was not given notice of the hearing held on March 10, 1972, before Judge Glenn. The minute entry dated February 22, 1972, indicates the contrary. It recites that the pre-trial conference was to be held March 10, 1972, at 2:30 p. m. in Division 14, and indicates that notice was mailed to appellant at her last known address. Since the minutes import verity, we find no merit in appellant's contention.[2]

Appellant also questions the finding of the Appeal Tribunal that she had made a false statement which disqualified her. Specifically, she argues that there is no evidence that she had knowledge that such a statement was false when made. The Employment Security Commission's resolution of factual issues will not be disturbed unless a decision is unsupported by competent material and substantial evidence. Miranda v. Beaman, 95 Ariz. 388, 391 P.2d 555 (1964); Beaman v. Bench, 75 Ariz. 345, 256 P.2d 721 (1953).

1. A.R.S. § 23–778 states:

"Any person who, within the twenty-four calendar months immediately preceding a week in which he files a valid claim for benefits, has made a false statement or representation of a material fact knowing it to be false, or knowingly failed to disclose a material fact with intent to obtain benefits under this chapter, shall be disqualified for the week for which the claim was filed and for not more than the fifty-one weeks immediately following such week as de-

termined by the commission according to the circumstances in each case."

2. The March 10 minute entry recites that the court reviewed the record pursuant to A.R.S. § 23–681 "as requested by the plaintiff-appellant" and "affirms the ruling of the Commission." Although appellant was entitled to present oral argument if she requested it, A.R.S. § 23–681, subsec. C, as amended, the record clearly reflects that she waived an opportunity to be heard by urging the court in her pleadings to confine its review to the Commission's record.

Having examined the entire transcript of the record of the hearing before the Appeal Tribunal, we are of the opinion that there was evidence to support its finding. Appellant was familiar with the method of filing claims, having filed many previous to the one in question. She gave the information to the claims deputy that she had no earnings to report just within a few days after she had earned money. Based upon these facts, it is certainly reasonable to infer that she had knowledge of its falsity. 37 C.J.S. Fraud § 118. Her explanation as to why she had not reported earning $13.20 for the week ending August 1, 1970, was that she had just learned her daughter was in a hospital in Tennessee and was not expected to live. On cross examination, however, she admitted that she did not receive the information about her daughter until the day after filing the subject claim.

For the foregoing reasons, the judgment of the superior court affirming the Commission's decision is affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.