625 P.2d 935

**MAGMA COPPER COMPANY, SAN MANUEL DIVISION, Plaintiff-Appellant,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an agency, and Joe H. Ortiz, Defendants-Appellees.**

No. 1 CA–UB 056.

Court of Appeals of Arizona, Division 1, Department C.

Jan. 20, 1981.

Rehearing Denied March 5, 1981.

Review Denied March 31, 1981.

Twitty, Sievwright & Mills by N. Douglas Grimwood, Phoenix, for plaintiff-appellant.

Robert K. Corbin, Atty. Gen., by David J. Rich, Asst. Atty. Gen., Phoenix, for defendant-appellee Arizona Dept. of Economic Sec.

Joe H. Ortiz, defendant-appellee in pro per.

## OPINION

O'CONNOR, Judge.

The question in this review of a decision of the unemployment insurance appeals board of the Arizona Department of Economic Security is whether the employer met its burden of proving that appellee, the employee, was discharged for misconduct in connection with the employment. We find that the record supports a determination that the employer did not meet that burden and therefore, affirm the decision of the board.

Appellee, Joe H. Ortiz, was discharged from his employment with appellant Magma Copper Company for absenteeism when, after several warnings for absenteeism, appellee missed one shift of work because he was temporarily in custody following an arrest for a criminal offense.[1] He filed a claim for unemployment benefits. A deputy of the Arizona Department of Economic Security found that appellee's last absence was beyond his control due to incarceration and that appellee was, therefore, eligible for unemployment benefits. The employer took the question to an appeal tribunal which, after the parties failed to appear at the scheduled hearing, reached the same conclusion as the deputy based on the documents in the file. The appeals board, after remanding for an evidentiary hearing, affirmed the decision of the tribunal. This appeal followed.

■ An absence occasioned by incarceration which results in discharge from employment does not necessarily disqualify the worker for unemployment benefits. The Arizona Department of Economic Security has developed guidelines by which the disqualifying nature of absence due to incarceration is judged. These guidelines are found in benefit policy rule A.C.R.R. R6–3–5115(E) which provides:

1. The employer does not argue that the discharge was due to the nature of the criminal violation committed by appellee. *See* A.C.R.R. R6–3–51490, "Violation of law."

E. Absence due to incarceration (Misconduct 15.25)

1. A discharge for absence due to incarceration is disqualifying when:

a. The claimant did not properly notify, or failed to make a reasonable effort to properly notify the employer of his absence; or

b. The evidence clearly indicates that the claimant could have avoided his incarceration by the payment of a fine; or

c. The claimant was incarcerated for a second time while working for his last employer; or

d. The claimant was confined for a period in excess of twenty-four hours, and the available evidence tends to establish that he committed the offense for which he was confined.

2. A claimant who is discharged because of an absence or failure to give notice due to incarceration is considered to have been discharged for non-disqualifying reasons and the employer is subject to charges when:

a. His absence was due to incarceration for a first offense and proper notice of his absence was furnished to the employer; or

b. His absence was due to incarceration for a first offense and he was unable because of circumstances beyond his control to furnish notice of his absence.

3. If a claimant was discharged because of the offense which caused his incarceration the determination should be based on Rule R6–3–51490, "Violation of law."

The evidence was undisputed that appellee *did* properly notify his employer, in advance of the shift, that he would be absent due to incarceration; that appellee could *not* have avoided his incarceration by the payment of a fine; and that he was *not* incarcerated for a period in excess of twenty-four hours but reported for work on the next shift. However, appellant argues that the employee did not show that this was the first incarceration while working for this employer and that it was the employee's burden to show that his absence due to incarceration was not disqualifying. We do not agree.

■ While a claimant generally has the burden of showing that he is entitled to unemployment insurance benefits, that rule does not apply when the employer has discharged the claimant for alleged misconduct in connection with work. In such a case, the employer bears the burden of showing that the claimant was discharged for reasons that should disqualify him for unemployment benefits. *Arizona Department of Economic Security v. Magma Copper Co.*, 125 Ariz. 389, 609 P.2d 1089 (App. 1980). Benefit policy rule A.C.R.R. R6–3–51190 provides in pertinent part:

B. Burden of proof and presumption (Misconduct 190.1)

\* \* \* \* \* \*

2. The burden of proof rests upon the individual who makes a statement.

\* \* \* \* \* \*

b. When a discharge has been established, the burden of proof rests on the employer to show that it was for disqualifying reasons. This burden may be discharged by an admission by the claimant, or his failure or refusal to deny the charge when faced with it.

c. An employer who discharges a worker and charges misconduct but refuses or fails to bring forth any evidence to dispute a denial by the claimant does not discharge the burden of proof. It is important to keep in mind that mere allegations of misconduct are not sufficient to sustain such a charge.

■ In this case it was the burden of appellant employer to show that appellee was discharged for absenteeism that amounted to misconduct. Absence due to incarceration can disqualify an employee for unemployment benefits under the circumstances set forth in A.C.R.R. R6–3–5115(E). It was, therefore, appellant's burden to show that the absence due to incarceration was disqualifying under the rule.

Appellant also argues that by showing a course of conduct, repeated absences culmi-

nating in the final absence due to incarceration, appellant has demonstrated misconduct in connection with the employment which should disqualify appellee for benefits.

Repeated and frequent instances of absence from work or tardiness constitute wilful or negligent misconduct connected with the employment. A.R.S. § 23–619.01; *Gardiner v. Arizona Department of Economic Security,* 127 Ariz. 603, 623 P.2d 33 (App.1980). However, in the instant case the employer's representative testified that the employee would not have been discharged if his final absence had been excused, and that it was the employer's policy that absence for incarceration is always an unexcused absence. It can be argued that as a matter of public policy A.C.R.R. R6–3–5115(E) should be amended to provide that absence from employment due to *any* lawful period of incarceration in connection with a criminal charge is grounds for a discharge of the employee for misconduct.[2] Nevertheless, we are required to view the evidence in the light of the statutes and administrative regulations which have been adopted. It is a matter for the legislature and the department of economic security to review and to make any changes in the existing statutes

and regulations. Under the facts of this case and the existing regulation, the employee's incarceration for less than 24 hours, coupled with the prior notice to the employer, does not constitute grounds for disqualification for benefits. The company policy of the employer does not control whether an absence is disqualifying for purposes of unemployment insurance benefits. We stated in *Arizona Department of Economic Security v. Magma Copper Co.:*

> We also note that claimant was discharged because of his five unexcused absences within six months which constituted a violation of company rules. While this could be sufficient basis to discharge claimant insofar as labor relations and perhaps other things are concerned, it is insufficient as a matter of law for disqualification from unemployment insurance benefits.

125 Ariz. at 394, 609 P.2d at 1094.

A discharge from employment may be for misconduct, and, therefore, disqualifying if it is for an alleged commission of a criminal offense under the circumstances set forth in A.C.R.R. R6–3–51490.[3] However, the appellant employer has not argued that the employee was discharged for the alleged commission of the offense, and the

---

2. For discussion of cases involving discharges for reason of incarceration see [1976] 1B Unempl.Ins.Rep. (CCH) ¶ 1970.973 and Annot., 58 A.L.R.3d 674, 791 (1974). *See also Sherman/Bertram, Inc. v. California Department of Employment,* 202 Cal.App.2d 733, 21 Cal.Rptr. 130 (1962), holding that the claimant's imprisonment for his own wilful and felonious act was tantamount to a voluntary leaving without good cause, and that he was not "unemployed through no fault of his own" so as to be entitled to benefits.

3. A.C.R.R. R6–3–51490 provides in part:

   1. Discharge from employment may occur because of a worker's alleged violation of a law, public rule of conduct, or refusal to violate a law or public rule. The law may be a civil or criminal statute, a public rule of a duly qualified commission, or other authority which regulates the employer's operation, e. g., Interstate Commerce Commission, Motor Vehicle Division, Corporation Commission, etc.

   \* \* \* \* \* \*

3. When the discharge is because of an alleged violation of law or public rule, the following factors must be considered:

   a. Is the act of which the claimant is accused, or the results of or potential result of such act connected with the work?

   b. Did the discharge result from the violation, related acts, or a combination of the violation and related acts?

   c. Does the seriousness of the act warrant a finding of misconduct?

4. An act committed on the employer's premises during duty hours usually is connected with the work. An act committed during off-duty hours may be connected with the work if committed on the employer's premises. An act committed during off-duty hours and away from the employer's premises may be connected with the work if it could reasonably be expected to have a substantial adverse effect on the employer's interest, such as: his reputation, the public's trust, etc. Therefore, when a worker's act bears such a relationship to his job as to render him unsuitable for his work, his act would be connected with the work. See R6–3–5185.

employer's representative stated at the hearing that the only reason for the termination was the employee's final absence from employment due to his incarceration. That final absence was not shown to be voluntary, nor have any of the factors making the absence disqualifying under A.C.R.R. R6–3–5115(E) been shown. The final absence was not, therefore, a part of the prior "course of conduct" of voluntary absenteeism.

For the reasons stated above, the decision of the unemployment insurance appeals board is affirmed.

OGG, P. J., and WREN, J., concur.