The AMERICAN UNIVERSITY, Petitioner,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF LABOR, Respondent.

No. 80–181.

District of Columbia Court of Appeals.

Submitted Nov. 12, 1980.

Decided April 9, 1981.

---

Anthony C. Morella, William F. Causey and Hugh B. Gordon, Washington, D. C., were on the brief for petitioner.

Michael A. Milwee and Russell L. Carter, Washington, D. C., were on the brief for respondent. George L. Jackson also entered an appearance for respondent.

Before NEBEKER,* HARRIS and PRYOR, Associate Judges.

PER CURIAM:

Thomas L. White was discharged on March 6, 1979, from his employment by petitioner, The American University, for job abandonment. Subsequently, White filed a claim for unemployment compensation benefits with the Office of Unemployment Compensation. The Claims Deputy determined that White's discharge was for employee misconduct and disqualified him from benefits for thirteen weeks pursuant to D.C.Code 1980 Supp., § 46–310(b). This determination was affirmed by a decision of the Appeals Examiner. However, on February 8, 1980, the Director of the Department of Labor approved a final decision reversing that of the Appeals Examiner and granting White his benefits for the thirteen-week period. Petitioner sought review from this court. We reverse the decision of the Director, and remand for further proceedings as may be deemed appropriate, not inconsistent with this opinion.

The Director of the Department of Labor based his reversal on the grounds that White was discharged for excessive absence for which the employer had not sustained the burden of proof as required by this court's decision in *Hawkins v. District Unemployment Compensation Board*, D.C. App., 381 A.2d 619 (1977). The Director

found that mitigating circumstances indicated a lack of sufficient evidence to support excessive absence as grounds for dismissal and that the employer failed to send a timely notice warning White of the consequences of unexcused absences. A further basis for the Director's reversal was that the Appeals Examiner had erroneously based his decision on sleeping-on-the-job charges which were never specified as the reason for discharge by the employer. *See Jones v. District Unemployment Compensation Board*, D.C.App., 395 A.2d 392 (1978); *Green v. District Unemployment Compensation Board*, D.C.App., 346 A.2d 252 (1975).

Under D.C.Code 1978 Supp., § 46–312, our standard of review in unemployment compensation cases is governed by the District of Columbia Administrative Procedure Act which directs our examination to whether the findings and conclusions made by the Director are supported by substantial evidence. D.C.Code 1978 Supp., § 1–1510. Particularly, this court may hold unlawful any conclusion found to be unsupported by such evidence in the record, D.C. Code 1978 Supp., § 1–1510(3)(E); *Thomas v. District of Columbia Department of Labor*, D.C.App., 409 A.2d 164, 169 (1979). Specifically, we must overturn a denial of benefits erroneously based on conduct substantially different from that which is specified as the reason for the initial discharge. *Jones, supra* at 396–97; *Green, supra* at 254. In like manner, we must not permit the Director to grant benefits based on his finding that the grounds for discharge are other than originally alleged by the employer and, thus, necessarily unsupported by the employer's evidence. Because an employer's contribution to the unemployment compensation fund is affected by the claims experience of its employees, *see* D.C.Code 1978 Supp., § 46–303(c)(10), the employer's reason for discharging the employee must be scrupulously examined in all levels of the appeal process. The evidence substantially supports a conclusion that the employer's

* Associate Judge Nebeker did not participate in the decision in this case.

grounds for discharge of Mr. White were not excessive absence and sleeping on the job, but rather job abandonment as alleged. The Director's decision was based on an overly technical reading of the decision of the Appeals Examiner without adequate reference to the other materials in the record. Since the Director's conclusion on the basis for discharge was erroneous and unsupported by the evidence, we must reverse.

That job abandonment was the actual basis for discharge is apparent to us from the employer's separation statement, the findings of the Claims Deputy, the decision of the Appeals Examiner, and the transcript of the hearing. The employer stated in the separation papers, "Upon receipt of the third warning [regarding absenteeism], which carries with it a 3-day suspension without pay, employee left the University stating he was resigning." The Claims Deputy determined, "You were terminated after leaving when you received a notice of suspension. This is considered misconduct." In the decision of the Appeals Examiner, he concluded, "The claimant violated the employer's attendance rules and call-in rule." In his findings of fact, the Appeals Examiner stated, "The claimant would not sign the letter [of suspension] and refused to work his shift that day prior to the beginning of the suspension." At the hearing, an employee for the University stated that the main reason for White's firing was "that he refused to sign a three day suspension letter and he walked off the job and refused to work his 4 to 12 shift that day." Mr. White did not recall whether he reported to work for that shift.

Mr. White asserts that his firing was for cumulative disciplinary reasons and not for those stated in the separation notice of the employer. The facts in the record, however, contradict this interpretation of the case. The suspension notice itself shows that it was not the petitioner's intention on March 6, 1979, to terminate White's employment because of his unexcused absences and sleeping on the job. Only when White

refused to sign the suspension notice and left, failing to work his assigned shift, did the University terminate his employment. Such conduct is a willful disregard of an employer's interests and, in this case, a deliberate violation of the University's personnel policies. *See Williams v. District Unemployment Compensation Board,* D.C. App., 383 A.2d 345, 349 (1978); *Hickenbottom v. District Unemployment Compensation Board,* D.C.App., 273 A.2d 475, 478 (1971).

Moreover, the record is clear that White was on notice that his negative employment behavior could result in serious disciplinary action. In his memorandum dated March 6, 1979, White's immediate supervisor informed him that "future failures with respect to this or other employment rules will result in your being dismissed."

Consequently, we find that there is no support in the record for the Director's decision that the basis of White's dismissal was excessive absence and sleeping on the job. The stated basis for dismissal, as the facts appear to us, was job abandonment and, therefore, the decision of the Director of Labor is reversed and the case is remanded for any further proceedings not inconsistent with this opinion.

*Reversed and remanded.*