Anthony Robinson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 4, 1981, before President Judge CRUMLISH and Judges CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Alli B. Mazeed,* with him *Edward Sparkman,* for petitioner.

*Karen Durkin,* with her *Elsa D. Newman-Silverstine,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General.

OPINION BY JUDGE WILLIAMS, JR., May 22, 1981:

Claimant appeals to this Court to reverse a decision and order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's determination that claimant is ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Act),[1] for wilful misconduct characterized by sick leave abuse. We find no error in the decision of the Board.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant had been employed by the City of Philadelphia, through CETA (Comprehensive Employment and Training Act) for between four and five years as a physical property maintenance worker. His employment was terminated effective June 20, 1979, for yet another in a long series of violations of the employer's sick leave policies.

The record indicates that claimant was placed on the sick leave abuse list for a period of one year effective September 16, 1977, and was notified of same by letter. A city employee who has accumulated eight sick leave days which are undocumented by medical certificates is placed on the list. Thereafter he must call in to the sick leave center every day that he is sick between 8:00 and 9:00 A.M., and document each sick day with a medical certificate, which must be submitted within two days after he returns to work. This information was contained in the letter to claimant, which he signed to verify receipt thereof.

During 1978, the claimant was suspended on three different occasions for failure to follow proper sick leave procedures. Thereafter, on October 4, 1978, during an administrative hearing precipitated by his fourth infraction that year, he was admonished that the next violation would result in immediate dismissal. A further result of that hearing was a five-day suspension.

The record shows that during the next eight months, claimant was absent seventeen days for which he failed to provide proper or timely medical certification. Of those, he did not timely report his absence three times, and was found to be away from home on two occasions when the sick leave investigators went to his house.

Claimant argues that the latest failure to present medical certification of illness could not be construed as willful misconduct because the treating institution

would not give him medical excuses for his absence, in spite of his requests therefor, and that the employer was aware of his difficulties. However, the unequivocal testimony of the employer, which the referee accepted as credible, was that the employer had not been informed, and did not know that claimant was experiencing any difficulty in obtaining documentation.

In a Section 402(e) case, the employer has the burden of proving the willful misconduct for which he terminated the claimant. *Gallagher v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 599, 388 A.2d 785 (1978). Included in that definition of willful misconduct which this Court has frequently repeated is disregard of the standards of behavior which an employer can reasonably and rightfully expect that an employee will maintain. *Kentucky Fried Chicken of Altoona v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

It is completely consistent with reason to anticipate that an employee will attend work regularly, and comply with his employer's rules on those occasions when physical problems prevent his attendance. Further, "[a]lthough absenteeism alone does not constitute willful misconduct, absenteeism coupled with warnings about such conduct and a failure to notify the employer according to company rules can disqualify an employee from the receipt of unemployment compensation." *Holtzman v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 525, 528, 372 A.2d 31, 33 (1977). *See also Williams v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 641, 380 A.2d 932 (1977), at n. 10, which lists nine cases in which this Court denied benefits in situations involving absenteeism.

This employer gave claimant frequent occasions to correct his pattern of absenteeism, notified him of

230

its regulations concerning same, and warned him in writing that a further infraction would result in prompt dismissal. Claimant flagrantly disregarded the opportunity to improve his behavior that the employer presented him with, and is clearly ineligible for unemployment compensation benefits.

ORDER

AND Now, the 22nd day of May, 1981, the decision and order of the Unemployment Compensation Board of Review, Decision No. B-176142, is hereby affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.