**Pedro D. SHEPHERD, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPART-MENT OF EMPLOYMENT SERVICES, Respondent.**

No. 85–974.

District of Columbia Court of Appeals.

Submitted July 7, 1986.

Decided Sept. 12, 1986.

Pedro D. Shepherd filed a brief pro se.

N. Denise Wilson-Taylor, Washington, D.C., was on brief, for respondent. Michael A. Milwee, Washington, D.C., also entered an appearnce for respondent.

Before BELSON, TERRY, and STEAD-MAN, Associate Judges.

TERRY, Associate Judge:

Petitioner Shepherd seeks review of an order of the Department of Employment Services denying his claim for unemployment benefits on the ground that he was discharged for job-related misconduct. D.C.Code § 46–111(b) (1986 Supp.). Be-

cause the Department's ruling is supported by substantial evidence, we affirm the order.

## I

Mr. Shepherd was employed by Gallaudet College as a coordinator of material handling from February 1977 to January 1985. He was fired on January 28, 1985, because of excessive absenteeism, tardiness, and poor job performance.

Shepherd filed a claim for unemployment benefits the day after he was fired. He stated on the claim form that he had been discharged for "poor performance," but made no mention of absenteeism or tardiness. The employer failed to submit a statement in response,[1] and a claims examiner determined that Mr. Shepherd was entitled to benefits because "poor performance does not constitute any form of misconduct" under applicable law. The employer appealed.

At a hearing before an appeals examiner, the employer presented the testimony of Harry White, Shepherd's immediate supervisor, and LaVarne Hines, the Director of Administrative Services at Gallaudet College. Mr. White testified that Shepherd had been discharged because of his "[e]xcessive absenteeism and poor performance," as well as tardiness. Although the college did not provide documentation of Mr. Shepherd's poor attendance in the form of time sheets or similar records, it did offer into evidence copies of three warning letters that had been sent to him. These written warnings, dated January 14, January 30, and July 20, 1984, gave very detailed descriptions, including dates and times, of occasions when Shepherd's attendance had been unsatisfactory. With regard to these letters, Miss Hines testified:

> Letters of warnings which Mr. Shepherd received ... clearly outline specific dates [when] he did not arrive to work on time ... specific dates relative to his performance, specific dates relative to extensive lunch times, excessive use of lunch hours. Dates and times relative to making stops outside of the allotted duty which he is required to perform. But it is not a blanket type of statement [that] he did not arrive to work on time. Dates and times have been documented into the letters you [the appeals examiner] have received.

The allegations made in the warning letters were corroborated by Mr. White's independent testimony at the hearing. In addition, Mr. White stated that he had "warned Mr. Shepherd verbally many, many times and it just didn't do any good."

Mr. Shepherd testified on his own behalf. He disputed some of the dates and times and other details in the warning letters. He also stated that many of his absences were excused because they were due to a work-related injury he received on January 30, 1984. Other absences were chargeable to vacation time or sick leave, and all of these, he said, were approved and, when necessary, supported by medical documentation. He did admit, however, that his doctor had authorized him to return to work within two weeks after his injury. Shepherd introduced into evidence copies of several leave slips, in an attempt to corroborate his assertion that all of his absences either were excused or related to his injury. The employer's evidence, however, established a pattern of absenteeism and tardiness over a period of several months, both before and after he was injured.

The appeals examiner reversed the decision of the claims examiner. He found that the employer's evidence was sufficient to establish that Mr. Shepherd had been "terminated for not being regular in his attendance." Concluding that the failure of an employee to be regular in attendance constituted job-related misconduct, the examiner ruled that Shepherd was not enti-

---

1. A representative of Gallaudet College wrote a letter to the Department, dated February 6, 1985, which stated that the college had not appeared at the initial claims hearing because it had not received notice of Shepherd's claim until after the hearing was held.

tled to unemployment benefits. His ruling was upheld by the Office of Appeals and Review. Mr. Shepherd now asks us to overturn that decision, claiming that he was not guilty of disqualifying misconduct.

## II

In cases of this kind, the court performs a limited function. We cannot retry the facts or rehear the evidence. Our task is simply to determine whether there is substantial evidence to support the decision of the Department. *E.g., Washington Post Co. v. District Unemployment Compensation Board,* 377 A.2d 436, 439 (D.C.1977); D.C.Code § 1–1510(a)(3)(E) (1981). If there is, our consideration of the case is at an end.

■ In this case there was substantial evidence that Mr. Shepherd was fired for job-related misconduct, namely, his chronically poor attendance record. The evidence established that he had long-standing attendance problems, which included several instances of tardiness and excessively long lunch hours, as well as some unexcused absences. In addition, he received three written and several oral warnings about his attendance, but none of them had any apparent effect.

■ Attendance at work is an obligation which every employee owes to his or her employer, and poor attendance, especially after one or more warnings, constitutes misconduct sufficient to justify the denial of a claim for unemployment benefits. D.C.Code § 46–111(b) (1986 Supp.); *see, e.g., Gardiner v. Arizona Department of Economic Security,* 127 Ariz. 603, 606, 623 P.2d 33, 36 (App.1980) (repeated instances of tardiness without good cause constitute willful misconduct); *Fritz v. Commonwealth Unemployment Compensation Board of Review,* 66 Pa. Commw. 492, 497, 446 A.2d 330, 333 (1982) (history of tardiness and absenteeism, as well as leaving early without permission, constitutes willful misconduct); *Robinson v. Commonwealth Unemployment Compensation Board of Review,* 59 Pa. Commw. 226, 228,

429 A.2d 774, 776 (1981) (abuse of employer's sick leave policy constitutes willful misconduct).

Although Mr. Shepherd disputes many of his employer's allegations, arguing in his brief that the warning letters he received contained "unsubstantiated allegations, misleading information, and incorrect dates," he had sufficient opportunity at the hearing to explain the reasons for his poor attendance. He also had the right to cross-examine the employer's witnesses and to submit documentary evidence of his own, and he exercised that right. The examiner, however, found in favor of the employer, and it was the examiner, not this court, who had the chance to observe the witnesses' demeanor and make determinations of credibility. "A reviewing court is bound by a decision of an agency that follows from its findings, if the findings are supported by substantial evidence, although the court may have reached a contrary result based on an independent review of the record." *Washington Post Co., supra,* 377 A.2d at 439. Because the examiner's findings are supported by substantial evidence, we have no basis for overturning the decision of the Department, even though the record also contains evidence which, if believed, would support a decision in favor of Mr. Shepherd. *See Upper Georgia Avenue Planning Committee v. Alcoholic Beverage Control Board,* 500 A.2d 987, 992 (D.C. 1985), and cases cited therein.

The order denying petitioner's claim for unemployment benefits is therefore

*Affirmed.*