**Alfred BUTLER, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.**

**No. 90–69.**

District of Columbia Court of Appeals.

Submitted Oct. 9, 1991.
Decided Oct. 31, 1991.

---

**734**

Alfred Butler filed a brief pro se.

Michael A. Milwee, Washington, D.C., filed a brief, for respondent.

Before SCHWELB and KING, Associate Judges, and GALLAGHER, Senior Judge.

SCHWELB, Associate Judge.

Alfred Butler was employed as a rodman for Miller & Long Construction Company from June, 1986 to March, 1989, when he was discharged for missing several days of work. Mr. Butler subsequently filed a claim for unemployment compensation. On September 28, 1989, following an evidentiary hearing, an appeals examiner of the Department of Employment Services (DOES) found that Mr. Butler had been discharged for misconduct and was ineligible for compensation. See D.C.Code § 46–111(b)(2) (1990). On December 20, 1989, the examiner's decision was affirmed by the Acting Chief of the agency's Office of Appeals and Review and became the final decision of the agency. Mr. Butler has asked this court to review the decision of DOES. We affirm.

Although some of the evidence was disputed, the appeals examiner credited the testimony of the witness for the employer and found the critical facts to be as follows:

> In the instant case, claimant was discharged from his most recent work for failing to call-in and report his absence for five consecutive days. Specifically, claimant was injured while on the job and granted approved leave for the period March 20–24, 1989. The claimant returned to work late on March 27, 1989, reported late for work on the 28th and failed to call-in or report on March 29, 1989. On March 30, 1989 the claimant's job at the worksite was complete and he was given a transfer to Fairfax, Virginia to begin work at a new job site. The claimant received the time card reflecting the new jobsite but failed to report pursuant to the employer's work schedule for five consecutive days.

■ The appeals examiner specifically rejected Mr. Butler's claim that he had been discharged on March 28, 1989, prior to the days on which he was found to have failed to report for work.[1] Her findings are supported by reliable, probative and substantial evidence, and are therefore binding on this court. See D.C.Code § 1–1509(e) (1987); Perkins v. District of Columbia Dep't of Employment Servs., 482 A.2d 401, 402 (D.C.1984). In the present case, the decision turned in substantial part on the appeals examiner's assessment of the credibility of witnesses who testified before her. We cannot second-guess her credibility determinations. See Harris v. District of Columbia Comm'n on Human Rights, 562 A.2d 625, 630–31 (D.C.1989).

■ A violation of an employer's rules does not constitute misconduct per se for purposes of the unemployment compensation statute. See Williams v. District Unemployment Compensation Bd., 383 A.2d

---

1. Mr. Butler contended that the new job site was inaccessible by public transportation. He claimed that he had been so advised when he called Metro, and invited the appeals examiner to "[c]all information right now and ask them how to get to that address, and they will tell you exactly what I was told." The appeals examiner apparently did so and wrote in her decision that "claimant would only have to walk one block to the new jobsite." In his pro se petition, Mr. Butler has not challenged the rather unorthodox means utilized by the appeals examiner to obtain information for the record, and we address the point no further.

345, 349 (D.C.1978). In order to disqualify a claimant from benefits, it is not sufficient that the discharge appear reasonable in reference to the business interest of the employer. *Id.* Rather, the question whether the employee committed misconduct must be resolved with reference to the statutory purpose, which is to protect employees against economic dependency caused by temporary unemployment. *Id.; see also, Hickenbottom v. District of Columbia Unemployment Compensation Bd.,* 273 A.2d 475, 478 (D.C.1971). Unexcused and, in this case, repeated failure to report for work, however, constitutes a "willful disregard of an employer's interests." *American University v. District of Columbia Dep't of Labor,* 429 A.2d 1374, 1376 (D.C.1981) (per curiam). "Attendance at work is an obligation which every employee owes to his or her employer...." *Shepherd v. District of Columbia Dep't of Employment Servs.,* 514 A.2d 1184, 1186 (D.C.1986). Misconduct as defined in the statute includes "a disregard of standards of behavior which the employer has a right to expect from his employees." D.C.Code § 46–111(b)(2) (1990).

We accord great weight to an agency's reasonable interpretation of the statute which it administers. *Winchester Van Buren Tenants Ass'n v. District of Columbia Rental Hous. Comm'n,* 550 A.2d 51, 55 (D.C.1988). We are therefore satisfied that the agency could reasonably conclude that Mr. Butler's failure to report to work for five days constituted misconduct.[2]

Accordingly, the decision of the Department of Employment Services is hereby

*Affirmed.*

---

**2.** In *Savage v. Unemployment Compensation Bd. of Review,* 491 A.2d 947 (Pa.Cmwlth.1985), a case similar to the present one, an employee failed to report to work for four days following an illness and also failed to call in. The court held that misconduct had been demonstrated:

> Here, Claimant was dismissed for failing to report his absence for four consecutive work days. We are satisfied that Claimant's conduct evidences a disregard of the standards of behavior which an employer has a right to expect from an employee and further evidences a substantial disregard of the employer's interests and of the employee's duties and obligations to the employer so as to constitute willful misconduct under Section 402(e) of the [Pennsylvania Unemployment Compensation] Law.

*Id.* at 949.