NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

JD MEDICAL DISTRIBUTING COMPANY, INC., *Appellant*,

*v.*

ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an agency,

*and*

RENEE ROACH, *Appellees*.

No. 1 CA-UB 17-0307
FILED 5-31-2018

---

Appeal from the A.D.E.S. Appeals Board
No. U-1540278-001-B

---

**BOARD REVERSED**

---

COUNSEL

JD Medical Distributing Company, Inc., Phoenix
*Appellant*

Arizona Attorney General's Office, Phoenix
By Jennifer L. Holder
*Counsel for Appellee Arizona Department of Economic Security*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Kent E. Cattani joined.

---

**W I N T H R O P**, Judge:

**¶1**　　　　JD Medical Distributing Company, Inc. ("Employer") appeals the decision of the Arizona Department of Economic Security ("ADES") Appeals Board ("Board") granting unemployment insurance benefits to Renee Roach ("Claimant"). For the following reasons, we hold that the Board erred and therefore reverse.

### FACTS AND PROCEDURAL HISTORY

**¶2**　　　　Employer discharged Claimant after three weeks of employment because Claimant was late to work for two consecutive days. Claimant thereafter applied for unemployment benefits and an ADES deputy found Claimant eligible to receive them.

**¶3**　　　　Employer appealed the initial determination.[1] After a hearing, the ADES Appeals Tribunal ("Tribunal") reversed, holding Claimant was discharged for willful or negligent misconduct and was ineligible to receive benefits. *See* A.R.S. § 23-775(2). Claimant petitioned the Board for review. Upon review, the Board reversed the Tribunal's decision, finding that Employer failed to meet its burden proving Claimant's tardiness amounted to willful or negligent misconduct.

**¶4**　　　　Employer timely appealed to this court, and we granted its application pursuant to A.R.S. § 41-1993(B).

### ANALYSIS

**¶5**　　　　Employer argues that the Board erred in concluding that it did not discharge Claimant for disqualifying misconduct, as Claimant had no valid explanation for her tardiness. We defer to the Board's decision and will affirm if, viewing the evidence in the light most favorable to upholding

---

[1]　　　Employer's appeal to the Tribunal was not timely, Arizona Revised Statutes ("A.R.S.") section 23-773(B) (allowing fifteen days to appeal a deputy determination); however, its timeliness was not raised below.

the decision, it is supported by any reasonable interpretation of the evidence. *Prebula v. Ariz. Dep't of Econ. Sec.*, 138 Ariz. 26, 30 (App. 1983). However, the Board's legal conclusions are not binding on this court, and we review *de novo* whether the Board properly applied the law. *Rice v. Ariz. Dep't of Econ. Sec.*, 183 Ariz. 199, 201 (App. 1995).

¶6 Under A.R.S. § 23-775(2), an employee is disqualified for benefits if an employer discharges them for willful or negligent misconduct connected with the employment. Willful or negligent misconduct includes the "repeated failure without good cause to exercise due care for punctuality or attendance in regard to the scheduled hours of work set by the employer." A.R.S. § 23-619.01(B)(1); *Gardiner v. Ariz. Dep't of Econ. Sec.*, 127 Ariz. 603 (App. 1980). Misconduct can be presumed when a "rule or standard of conduct normally applied in all employment relationships is violated[,]" Arizona Administrative Code ("A.A.C.") § R6-3-5145, and may be found in "repetition of tardiness caused by the worker's failure to exercise due care for punctuality[,]" A.A.C. § R6-3-51435(C). Tardiness, however due to "unavoidable delay in transportation, emergency situations, or causes not within the claimant's control" does not generally constitute misconduct. A.A.C. § R6-3-51435(B).

¶7 When an employer discharges a claimant, the employer bears the burden to show that discharge was for disqualifying reasons. *Ross v. Ariz. Dep't of Econ. Sec.*, 171 Ariz. 128, 129 (App. 1991). An admission by the claimant, however, relieves the employer of this burden. A.A.C. § R6-3-51190(B)(2)(b). Additionally, when an individual makes a statement that is denied by another party, and not supported by other evidence, "it cannot be presumed to be true." A.A.C. § R6-3-51190(B)(2)(a).

¶8 Here, Employer discharged Claimant after she was late for work on two consecutive days. At the hearing before the Tribunal, Employer's representative testified that the scheduled start time is promptly at 8:00 a.m., and employees are expected to give prior notification in the event they will be late or absent. On August 2, 2016, Employer received a text message from Claimant at 8:13 a.m. stating she overslept and would be at work by 9:00 a.m. Claimant gave no further explanation of her tardiness for that day.

¶9 The next day Claimant had not arrived for work, and, at 8:18 a.m., Employer sent a text message to Claimant to make sure "everything was okay." Claimant responded twenty-two minutes later, "I did it again. I'll be [there] in 15. OMG." When Claimant arrived at work, she was "visibly flustered," but had "no real explanation other than that . . . it was

so unlike her, it was odd[,]" that "maybe she was sick[,]" and "she was just not feeling herself."

¶10  Claimant admitted that she was late on August 3, 2016, because she overslept and did not hear her alarm. Claimant also testified, however, that she told Employer she was "very sick." Nevertheless, Employer's representative maintained that Claimant failed to give proper notice of her tardiness and failed to communicate that she was so ill that her conduct should be excused.

¶11  At the evidentiary hearing to determine these issues, the Tribunal found this testimony, along with the fact that once awake, Claimant was "well enough" to report to work, sufficient to demonstrate that Employer proved it discharged Claimant for willful or negligent misconduct.[2] Upon review, the Board adopted the Tribunal's findings of fact, but reasoned that because Claimant stated she was sick, and Employer's representative "acknowledged that [] Claimant mentioned that she was sick[,]" Employer did not establish Claimant's actions were disqualifying conduct. We disagree.

¶12  In determining whether Claimant's tardiness constituted willful or negligent misconduct, the Tribunal properly concluded that the Employer met its burden of proof. It is undisputed that Claimant did not report to work on time because she overslept and failed to contact Employer prior to 8:00 a.m. both days she was late. In fact, *Employer* had to contact Claimant to determine her whereabouts on August 3rd. *See* A.A.C. § R6-3-51435(A) (providing that an employee has "[t]he duty to report to work on time[.]"). This uncontroverted evidence demonstrates Claimant's failure to exercise due care for punctuality, the Employer's established work hours, and the company policy that employees are required to notify Employer if they are going to be late or miss a scheduled work day. *See* A.R.S. § 23-619.01(B)(1).

¶13  As to Claimant's contended good cause, A.A.C. § R6-3-51435(B), Employer—regardless of whether it acknowledged that Claimant stated that "*maybe* she was sick" on August 3rd—denied that Claimant

---

[2]  The Tribunal also heard the parties' testimony as to further instances of misconduct, including: accounting errors, arguing with vendors, and impersonating a co-worker to gain access to—and alter—payroll information. *See* A.R.S. § 23-619.01(D) (providing that when evaluating misconduct, the trier of fact may consider "a claimant's prior history of employment with the same employer.").

communicated definitively that she was ill, as she offered no such explanation the first day she overslept and was late, and her contemporaneous explanation the second day was equivocal at best. *See supra*, ¶¶ 8-9. Besides Claimant's conflicting testimony, she offered no evidence to support her contention that her tardiness was outside of her control due to illness. Therefore, as a matter of law, Claimant's assertion cannot be presumed to be true. *See* A.A.C. § R6-3-51190(B)(2)(a).

¶14 On this record, we conclude that the Board erred in its reasoning and conclusions of law. Accordingly, we reverse and vacate the Board's determination that Claimant was eligible for unemployment benefits.

## CONCLUSION

¶15 For the foregoing reasons, we reverse the Board's decision.



AMY M. WOOD • Clerk of the Court
FILED: AA

5