391 P.2d 555

William B. MIRANDA, Appellant,

v.

James BEAMAN, Aubrey Barker, and H. C. Warnock, members, the Employment Security Commission of Arizona, Appellees.

No. 7483.

Supreme Court of Arizona.

En Banc.

April 16, 1964.

Jose del Castillo, Tucson, for appellant.

Robert W. Pickrell, Atty. Gen., Richard J. Daniels, Phoenix, Former Asst. Atty. Gen., for appellees.

LOCKWOOD, Vice Chief Justice.

William B. Miranda, appellant, instituted proceedings in the Superior Court of Pima County for a review of a decision of the Employment Security Commission of Arizona. The decision dated May 12, 1960, denied Miranda's application for an appeal to the Commission from a decision of an Appeal Tribunal of the Employment Security Commission entered on March 1, 1960. This appeal followed pursuant to A.R.S. § 23–682.

■ Under a judicial review of a decision of the Commission, the matter is not heard in the Superior Court de novo. The review is confined to the record of the Commission, and testimony is not taken by the Court (with the exception of when there are alleged irregularities in procedure before the Commission, which is not the case here). A.R.S. § 23–681, subd. D provides:

"The court may affirm the decision of the commission or remand the case for further proceedings, or it may reverse or modify the decision if the substantial rights of the petitioners have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

"1. In violation of any constitutional provision.

"2. In excess of the statutory authority or jurisdiction of the commission.

"3. Made upon unlawful procedures.

"4. Affected by error of law.

"5. Unsupported by competent, material and substantial evidence in view of the entire record as submitted.

"6. Arbitrary or capricious."

The court, when reviewing a decision of the Employment Security Commission, may disturb a decision on factual questions only when the same are unsupported by competent, material, and substantial evidence. Beaman v. Bench, 75 Ariz. 345, 256 P.2d 721 (1953).

The facts found by the Appeal Tribunal and affirmed by the Commission appear as follows: On December 10, 1958, Miranda filed a new claim with the Commission (he had filed a number of claims during past years). Pursuant to A.R.S. § 23–773 (1956), a representative of the Commission designated as a deputy, examined the claim and determined that Miranda was disqualified from receipt of the benefits claimed because he had previously withheld material facts with intent to obtain benefits. This disqualification was made pursuant to § 23–778 A.R.S. (1956).[1] and the Commission's Regulation No. 30–7, the pertinent paragraph of which reads as follows:

"2. When a person files a valid claim after it has been determined that within the preceding 24 calendar months he fraudulently reported or failed to report wages earned during two weeks, he shall thereupon be deprived of benefits for the week of the valid claim and for the 24 calendar weeks thereafter."

At the hearing on March 1, 1960, the Appeal Tribunal made the following findings of fact: Miranda applied for and accepted unemployment insurance in the amount of $18 for the week ending December 29, 1956, after declaring his earnings during this week to be $17.44. For the week ending February 9, 1957, he applied for and accepted unemployment insurance in the full amount of $30. For this week he claimed that he was laid off on account of lack of work. Actually, during the week ending December 29, 1956, Miranda earned wages in the amount of $52.32. During the week ending February 9, 1957, he earned wages of $34.88. Therefore, the deputy determined that Miranda had failed to report all of his earnings for these two weeks. The deputy further determined that this was done knowingly with intent to obtain benefits.

The Tribunal further found that Miranda had been overpaid (on the basis of his

1. "Any person who, within the twenty-four calendar months immediately preceding a week in which he files a valid claim for benefits, has made a false statement or representation of a material fact knowing it to be false, or knowingly failed to disclose a material fact with intent to obtain benefits under this chapter, shall be disqualified for the week for which the claim was filed and for not

reported earnings, as opposed to his actual earnings as verified from employer's records). The amount of the overpayment was $80. Miranda did not dispute the overpayment, but actually repaid it. The Commission caused a complaint to be filed in the Tucson Precinct No. 2 Pima County on May 10, 1957. The complaint contained four counts, each covering one week in which Miranda had received an overpayment. The complaint stated that he had willfully and unlawfully made false representations when filing his claim and, as a consequence, had received benefits to which he was not entitled. He was arraigned on August 12, 1957 in the Justice Court and pleaded guilty to all four counts. He was ordered to make repayment in the amount of $80 as a term of probation. Miranda repaid the entire $80.

 Miranda's appeal claiming that the trial court erred in affirming the decision of the Employment Security Commission apparently is based upon the following reasons: First, the Commission by filing a criminal complaint which resulted in conviction of Miranda and the requirement that he repay the overpayments made to him, had precluded itself from any further penalties with regard to receiving further benefits, on the theory that this would constitute double jeopardy. Second, the evidence did

more than the fifty-one weeks immediately following such week as determined

not support the finding of the Appeal Tribunal that Miranda had willfully withheld or misstated any material facts.

As to Miranda's first contention §§ 23-778 and 23-785 A.R.S. (1956) are neither inconsistent, nor cumulative. The latter section makes it a criminal offense to make a false statement or fail to disclose a material fact knowingly in order to obtain benefits under the Employment Security Act, and imposes a penalty upon conviction. Section 23-778, on the other hand, goes to the qualification of an applicant for benefits in the future. No question of double jeopardy can be raised because of the application of both of the statutes, since only one is a criminal offense. The double jeopardy clause does not preclude the imposition of both a criminal and a civil sanction in respect of the same act or omission. Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1937).

We have examined the entire transcript of the record of the hearing before the Appeal Tribunal. Miranda was examined and cross-examined at length regarding his allegedly willfully withholding and misrepresentation of material facts regarding his earnings. Apparently, it was his attitude and that of his counsel that because of a language barrier, he did not understand

by the commission according to the circumstances in each case."

his responsibilities under the law to report the true earnings and the true facts of his employment, and also that the representative of the Commission did not always make clear to him what the requirements were.

■ Most of the questions on the examination were put to Miranda in Spanish through an interpreter, who was also a witness for him. However, he did answer in English some of the questions which were asked of him in English. Many of his answers could be considered evasive and vague. We are of the opinion that there is sufficient evidence in the record to justify the finding of the Appeal Tribunal that the credibility of Miranda was questionable when he claimed that he did not understand the nature of his responsibilities with regard to reporting his actual earnings and other material facts for the purpose of obtaining benefits. The fact that there was misrepresentation and failure to report correctly is substantiated by the testimony of other witnesses. For the foregoing reasons the judgment of the trial court affirming the determination of the Commission is affirmed.

UDALL, C. J., and STRUCKMEYER, BERNSTEIN and JENNINGS, JJ., concur.