MARLOW, APPELLANT, *v.* BUREAU OF UNEMPLOYMENT COMP.,
APPELLEE.

[Cite as Marlow v. Bureau of Unemployment Comp., 4 Ohio App. 2d 299.]

(No. 2959—Decided November 11, 1965.)

*Messrs. Nolan, Wolff & Sprowl* and *Mr. Patrick J. Foley,*
for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. Tony
Kidd,* for appellees.

CRAWFORD, J. This is an appeal on questions of law from
a judgment of the Court of Common Pleas which affirmed a de-
cision of the Board of Review, Bureau of Unemployment Com-

pensation. The decision of the board affirmed a decision and order of the administrator that claimant had made fraudulent misrepresentation and, as a result, obtained additional benefits in the form of a dependency allowance to which he was not entitled, and that he should repay the total amount of unemployment compensation received by him in the amount of $1,-128 and be denied further benefits.

Claimant-appellant's assignments of error raise the question whether it is lawful to require him to repay the entire amount of the benefits received, or only the dependency allowance.

The record reveals that claimant falsely stated in his application that he was living with and supporting his wife, and that he thereby obtained an additional benefit of $5 per week. Therefore, the Court of Common Pleas properly declined to disturb that portion of the decision appealed from which found that claimant had obtained additional benefits by fraudulent misrepresentation. "The courts reverse such decisions only when found to be contrary to law or against the manifest weight of the evidence." *Brown-Brockmeyer Co.* v. *Roach* (1947), 148 Ohio St. 511, at 518. See, also, *Craig* v. *Bureau of Unemployment Compensation* (1948), 51 Ohio Law Abs. 449.

The principal question presented in this appeal is the correct interpretation of the words, "such benefits shall be repaid," appearing in the first paragraph of Section 4141.35, Revised Code. That paragraph reads:

"If the Administrator of the Bureau of Unemployment Compensation finds that any fraudulent misrepresentation has been made by an applicant for or a recipient of benefits with the object of obtaining benefits to which he was not entitled, then in addition to any other penalty or forfeiture under Sections 4141.01 to 4141.46, inclusive, of the Revised Code, the administrator shall within four years reject or cancel such person's claim for benefits, shall by order declare that such persons shall not receive any benefits under such sections for a designated period, and shall by order require that the amount of such benefits shall be repaid in cash to the Bureau of Unemployment Compensation before such person may become eligible for further benefits or shall withhold such sums from future benefit payments accruing to such claimant."

In the provision that "such benefits shall be repaid," the term "benefits" is clearly employed in the same all-embracing sense as in the immediately preceding provisions that "the administrator shall * * * reject or cancel such person's claim for benefits, shall by order declare that such persons shall not receive any benefits under such sections [4141.01 to 4146.46, inclusive, Revised Code] for a designated period * * *."

Claimant contends that the only benefits to be returned are those to which he was not entitled, referred to earlier in the statute. However, that expression was obviously used only to describe the fraudulent purpose which disqualifies a claimant from receiving any benefits whatsoever.

Comparison of the language under consideration with that contained in the second paragraph of the same section (Section 4141.35, Revised Code) makes this meaning still more clear. The second paragraph provides that when the applicant has been credited with a waiting period or been paid benefits to which he was not entitled, for reasons other than fraudulent misrepresentation, the administrator shall within three years cancel such waiting period and require that such benefits be repaid. The term, "such benefits," as there used refers to the benefits last previously described therein, that is, those paid to which applicant was not entitled.

This difference in language demonstrates the difference in purpose and meaning of the term, "such benefits," as used in the two different paragraphs of the section.

Furthermore, the first paragraph of Section 4141.35, Revised Code, makes its provisions additional to any other penalty or forfeiture provided in other sections of the chapter, including Section 4141.29, which provides in part as follows:

"(D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:

"* * *

"(2) For the duration of his unemployment if the administrator finds that:

"* * *

"(e) He has knowingly made a false statement or representation or knowingly failed to report any material fact with the object of obtaining benefits to which he is not entitled;

302

 

"\* \* \*"

Appellee points out that by common law when a contract is tainted with fraud, the injured party may elect to have the contract set aside and be restored to his original position. *Cross* v. *Ledford* (1954), 161 Ohio St. 469; 8 Ohio Jurisprudence 2d 400. Hence, the statutes here under consideration are but enactments of that principle of the common law as applied to unemployment compensation.

We cannot say that the similar interpretation placed upon the statutes by the Board of Review is contrary to law.

Appellee has questioned the jurisdiction of this court and of the Court of Common Pleas to entertain the appeal. This contention is based upon the absence of any procedural provision for appeal in or related to Section 4141.35, Revised Code. An opinion to that effect by Judge Doyle of the Ninth Appellate District in the unreported case of *Ham* v. *Bureau of Unemployment Compensation* (1963, Lorain County No. 1580) has been embodied in appellee's brief.

Inasmuch as the judgment will be affirmed, if we have jurisdiction of the appeal, there appears to be no practical need to research that question. Furthermore, it would serve no future purpose to do so, in light of the fact that Section 4141.35, Revised Code, has now been amended, apparently because of Judge Doyle's opinion in the *Ham case,* so as to confer jurisdiction by express provision.

The judgment will be, and hereby is, affirmed.

*Judgment affirmed.*

SHERER, P. J., and KERNS, J., concur.