Arthur W. DECKER, S. A. No. 524–44–1536,
Plaintiff,

v.

The INDUSTRIAL COMMISSION of Utah,
DEPARTMENT OF EMPLOYMENT
SECURITY, Defendant.

No. 13838.

Supreme Court of Utah.

April 3, 1975.

Benjamin Spence, Salt Lake City, William M. Spence, Spence-Moore, Ltd., Phoenix, Ariz., for plaintiff.

Vernon B. Romney, Atty. Gen., Edgar M. Denny, Sp. Asst. Atty. Gen., Salt Lake City, for defendant.

TUCKETT, Justice:

Certiorari to the Utah Board of Review to review a decision of that body denying unemployment benefits to the plaintiff for 52 weeks commencing with the week ended August 19, 1972, and requiring repayment of the benefits received by the plaintiff during the disqualification period. It appears that the decision of the Department was based upon the grounds that plaintiff when filing claims for unemployment benefits for the weeks ended August 19 and August 26, 1972, knowingly failed to report material facts about work and earnings in order to obtain unemployment benefits.

Plaintiff initiated an interstate claim for unemployment benefits under the Utah law from the state of Arizona on May 5, 1972. His benefit was determined to be $77 per week for a period of not to exceed 36 weeks. On September 1, 1972, the plaintiff filed a claim for unemployment benefits for the weeks ended August 19, 1972, and August 26, 1972. The claim form contained the following interrogatory: "During the week[s] claimed in No. 7 and No. 8 above, did you work or earn wages of any kind?" The plaintiff answered "No" in response to the question. It was later discovered that the plaintiff had worked in Phoenix, Arizona, during the week ended August 19, 1972, and earned $97.13. Plaintiff also worked during the week ended August 26, 1972, and earned $190.33. It is the plaintiff's contention that he was not guilty of fraud or misrepresentation in that he did not receive the wages above mentioned until after September 1, 1972, and that he had been instructed by an employee of the Arizona Employment Security Commission that he should not report wages earned by him until they were received. Plaintiff further contends that a part of the evidence used in the determination of

his entitlement was based upon hearsay, and that the evidence against him failed to meet the standards of clear and convincing proof.

The matter was first heard by a referee in the state of Arizona who heard the testimony of the plaintiff and an employee of the Arizona Department of Economic Security and a number of documents were received in evidence, and the record was thereafter forwarded to the Utah Department of Employment Security for a decision. A representative of the Department handed down a decision that the plaintiff knowingly withheld material information to obtain benefits and ruled that benefits be denied accordingly for the 52-week period,[1] and that the plaintiff repay the Utah Employment Compensation Fund the sum of $2,229, which sum he had received for the weeks within his disqualification period. The decision was appealed and affirmed by the senior appeals referee and an appeal was taken to the Board of Review. The Board of Review affirmed the decision of the appeals referee, and the plaintiff initiated these proceedings for a review.

On appeal the plaintiff makes no contention that he did not earn sums of money during the two weeks in question which rendered him ineligible for payment during the subsequent period. It is the plaintiff's contention that he did not willfully make a false statement or representation or knowingly fail to report a material fact inasmuch as in the filling out of the form he acted upon the assumption that he was not to report wages earned until they were received. Plaintiff also contends that he acted upon the directions of an employee of the Arizona Department of Economic Security in filling out the form, and that he had no intention to deceive.

Plaintiff seeks to have the court determine whether the facts in evidence amount to a fraud or a misrepresentation on his part. The authority of the court to review these matters is limited by statute. Section 35-4-10(i), U.C.A.1953, provides in part as follows:

. . . In any judicial proceeding under this section the findings of the commission and the board of review as to the facts if supported by evidence shall be conclusive and the jurisdiction of said court shall be confined to questions of law. . . .[2]

After a careful review of the record before us, we conclude that there was substantial evidence to support the finding that the plaintiff knowingly failed to report the wages he had earned.

Plaintiff also complains that the deprivation of 52 weeks of benefits is a severe penalty. With this we are inclined to agree. However, under the statute it does not appear that the fact finder or this court has the discretion to reduce or to forgive any part of the penalty. This matter is governed by Section 35-4-6(d), which provides as follows:

Any person who, by reason of his fraud, has received any sum as benefits under this act to which he was not entitled shall be liable to repay such sum to the commission for the fund. If any person, by reason of his own fault, has received any sum as benefits under this act to which under a redetermination or decision pursuant to this action, he has been found not entitled, he shall be liable to repay such sum, and/or shall, in the discretion of the commission, be liable to have such sum deducted from any future benefits payable to him. . . .[3]

---

1. Sec. 35-4-5(e), U.C.A.1953.

2. Kennecott Copper Corp. v. Dept. of Employment Security, 13 Utah 2d 262, 372 P.2d 987; Industrial Comm'n v. Bennett, 166 Colo. 101, 441 P.2d 648; Miranda v. Beaman, 95 Ariz. 388, 391 P.2d 555.

3. Marlow v. Bureau of Unemployment Comp., 4 Ohio App.2d 299, 212 N.E.2d 632; Allen v. Employment Security Dep., 83 Wash.2d 145, 516 P.2d 1032.

We find no error which would justify the court in reversing the decision or to remand it for a new hearing. The decision is affirmed. No costs awarded.

HENRIOD, C. J., and ELLETT, CROCKETT and MAUGHAN, JJ., concur.