HAYNES, APPELLEE, *v.* BD. OF REVIEW ET AL., APPELLANTS.

(No. 8346—Decided March 16, 1977.)

*Mr. William J. Brown,* attorney general, and *Mr. H. Gene Shackle,* for appellant.

*Mr. George D. Mallo,* for appellee.

BELL, J. The Ohio Bureau of Employment Services appeals a judgment rendered in the Court of Common Pleas of Summit County. A reading of the transcript of proceedings reveals no measurable dispute concerning the facts leading to the hearing before the board of review.

Charles Haynes, Jr., the appellee here, filed his application with the bureau (hereinafter referred to as BES) to determine his benefit rights. In filling out the appropriate application form, he attested to the following facts: (1) he was married, (2) his wife and daughter, Kisha, were being claimed by him as dependents, and (3) his wife was not then employed and had not been employed for a period of 90 days prior to the date of the application.

On the basis of the information provided to BES, the

appellee drew benefits for himself and his two claimed dependents. Subsequently, it was found that Mrs. Haynes was, in fact, employed at the time her husband had made the application for benefits, and, further, that she had been so employed for some months prior to the application date.

The board of review found that the appellee had fraudulently misrepresented the fact as to claimed dependents and ordered him to repay *all* of the money paid to him in benefits. Mr. Haynes appealed this ruling and the Court of Common Pleas rightfully affirmed the board's finding that a fraudulent misrepresentation had been made, but reversed the board's decision on the amount of money recoverable. The court below held that the board could recover only that additional amount acquired as a result of misrepresenting the number of appellee's dependents. The bureau appeals this ruling of the court below. No cross-appeal by Haynes is filed.

Appellants assign one error:

"The judgment of the Court of Common Please (*sic*) in interpreting O. R. C. 4141.35 was unlawful, unreasonable and against the manifest weight of the evidence."

The contentions of the parties involve an interpretation of R. C. 4141.35(A)(1), (2) and (3), which read:

"(A) If the administrator of the bureau of employment services finds that any fraudulent misrepresentation has been made by an applicant for or a recipient of benefits with the object of obtaining benefits to which he was not entitled, and in addition to any other penalty or forfeiture under sections 4141.01 to 4141.46 of the Revised Code, then the administrator:

"(1) Shall within four years after the end of the benefit year in which the fraudulent misrepresentation was made reject or cancel such person's entire weekly claim for benefits that was fraudulently claimed or his entire benefit rights if the misrepresentation was in connection with the filing of his application for determination of benefit rights;

"(2) Shall by order declare that, for each application for benefit rights and for each weekly claim cancelled, such person shall be ineligible for two otherwise valid weekly

claims for benefits, claimed within two years subsequent to the discovery of such misrepresentation.

"(3) Shall by order require that the amount of benefits rejected or cancelled under division (A)(1) of this section be repaid to the bureau of employment services before such person may become eligible for further benefits, or shall withhold such sums from future benefit payments accruing to such claimant. If such benefits are not repaid, the administrator may take action in the courts of this state to collect as provided in sections 4141.23 and 4141.27 of the Revised Code, in regard to the collection of unpaid contributions, using the final repayment order as the basis for such action. No administrative or legal proceedings for the collection of such benefits shall be initiated after the expiration of six years from the date on which the administrator's order requiring repayment became final and the amount of any benefits not recovered at that time, and any liens thereon, shall be cancelled as uncollectible."

We hold that, where an applicant for benefits under R. C. Chapter 41 makes a fraudulent misrepresentation at the time of filing his application to determine his benefit rights, the administrator of the bureau of employment services may recover the total amount of all benefit payments made to said applicant by reason of the misrepresentation. Under these circumstances, the administrator is not limited to a recovery of only that additional money obtained as a result of the false statement made, but may recover all benefits paid to the applicant.

We find three cases of recent vintage dealing with circumstances similar to those before us here: *Thornton* v. *Board of Review*, unreported, Court of Appeals for Summit County, No. 5510, decided December 16, 1964; *Hennis* v. *Administrator*, unreported, Summit County Court of Common Pleas, No. 7-26-1222, decided in 1973; and *Marlow* v. *Bureau of Unemployment Compensation* (1965), 4 Ohio App. 2d 299. The first two are distinguished from the instant case.

In *Thornton, supra,* the court's decision affirmed the lower court's holding that only the benefits obtained as

a result of the false statement—as contrasted with the entire benefit paid—were recoverable. While we agree with this decision, we note that *Thornton* was written prior to the amendments made to R. C. 4141.35 in 1969 and in 1974. The amendments added the words in (A)(1), "or his entire benefit rights if the misrepresentation was in connection with the filing of his application for determination of benefit rights."

*Hennis, supra,* is distinguishable on its facts, which deal with continuing acts of the claimant not related to his application to determine benefit rights.

The present cause, considered in the light of the terms of R. C. 4141.35, as amended and quoted above, must result in a finding that *all* benefit payments paid by the appellants to the appellee be recovered. See also, *Marlow* v. *Bureau of Unemployment Compensation, supra.*

While we agree with the finding of the Court of Common Pleas on the issue of fraudulent misrepresentation, we must reverse that court's judgment and affirm the decision of the board of review.

*Judgment reversed.*

VICTOR, P. J., and MAHONEY, J., concur.