DEPARTMENT OF EMPLOYMENT SE-CURITY OF the INDUSTRIAL COMMISSION OF UTAH, Plaintiff,

v.

NINTH CIRCUIT COURT In and For CE-DAR CITY DEPARTMENT, Iron County, State of Utah, and Patricia J. Meister, Defendants.

No. 20876.

Supreme Court of Utah.

May 5, 1986.

K. Allan Zabel, Winston M. Faux, Salt Lake City, for plaintiff.

David L. Wilkinson, Atty. Gen., Stephen J. Sorenson, Salt Lake City, for defendants.

HOWE, Justice:

We granted plaintiff's petition for a writ of certiorari to review orders of the Ninth Circuit Court entered in the case of *State v. Meister* (No. 81–CR–645, Circuit Court of Iron County).

On September 18, 1981, the Department of Employment Security (DES) advised Patricia J. Meister that it found her to have fraudulently obtained unemployment benefits amounting to $2,428 for the weeks of March 8 through August 2, 1980. She was further notified that she would be disqualified for an additional forty-nine weeks, beginning September 20, 1981, and ending August 28, 1982. Pursuant to U.C.A., 1953, § 35–4–5(e), she was required to repay twice the amount which she had received by reason of fraud, and DES accordingly demanded payment of $4,856.

DES also referred the matter to the Iron County attorney, and on December 23, 1981, Meister was charged with twenty-two misdemeanor counts of Making a False Statement to Obtain Employment Compensation, in violation of U.C.A., 1953, § 35–4–19(a). She entered guilty pleas to each of the twenty-two counts, and the circuit court ordered her to pay restitution to DES of $2,428, the amount she had actually received, as a condition of probation.

DES instituted civil proceedings to collect the other $2,428, but the circuit court ordered it to cease and desist its collection efforts.

## I.

DES determined that Meister had collected $2,428 in unemployment compensation by reason of her false statements. Under the authority of U.C.A., 1953, § 35–4–5(e),[1] DES ordered her to repay *twice* that amount, $4,856. That section provides in pertinent part:

Any individual shall be ineligible for benefits or for purposes of establishing a waiting period:

. . . .

(e) For each week with respect to which the claimant willfully made a false statement or representation or knowingly failed to report a material fact to obtain any benefit under the provisions of this act. . . . *In addition, each individual found in violation of this subsection*

1. All code sections refer to U.C.A., 1953, as    amended.

*shall pay to the commission twice the amount received by reason of a false representation or statement or failure to report a material fact.* This amount shall be collectible by civil action or warrant in the manner provided in subsections 34–4–17(c) and (e) [sic].[2]

(Emphasis added.)

■ DES contends that the court, by ordering restitution of only the amount actually received, effectively redetermined DES's administrative decision, thereby exceeding its judicial authority, and that Meister should have been ordered to repay $4,856 as a condition of her probation. We disagree. A court, in a criminal action, *may* order a convicted defendant to make restitution (§ 77–32a–1). However, in determining whether or not to order restitution, the court is required to consider the financial resources of the defendant and the burden that payment of restitution will impose, the ability of the defendant to pay restitution, the rehabilitative effect of the payment of restitution, and other relevant circumstances (§ 76–3–201(3)(b)). Thus, a determination to order restitution, whether complete, partial, or nominal, is discretionary with the court, and the exercise of such discretion would not be an arbitrary extension of judicial authority. *See Williams v. Washington Metropolitan Area Transit Commission,* 415 F.2d 922 (D.C.Cir.1968).

## II.

■ DES next contends that the Ninth Circuit Court again exceeded its authority by ordering DES to cease and desist its efforts to collect the additional amount which had been administratively assessed. We agree. Section 35–4–5(e) clearly provides that DES *shall* demand repayment of *twice* the amount fraudulently collected. The fact that Meister faced criminal penalties as well does not alter its duty under that section. Inasmuch as the circuit court

had ordered restitution of only half the amount owed by Meister, DES was required to collect the remaining balance through civil proceedings (§ 35–4–17(c)) or through the issuance of a warrant (§ 35–4–17(e)). This Court has previously held that DES does not have the discretion to reduce or forgive any part of the penalty assessed. *Decker v. Industrial Commission,* Utah, 533 P.2d 898 (1975). Where an action is prosecuted criminally and the amount of restitution, if any, ordered to be paid by the defendant is less than the amount which DES is required by statute to collect, DES is compelled to pursue collection of that amount. The circuit court, by ordering DES to cease and desist these efforts, clearly encroached upon the agency's statutory mandate. Courts generally lack jurisdiction to interfere with or control administrative agencies in exercising powers or performing duties of an administrative character which are within the scope of the authority granted to them by the legislature. 73 C.J.S. Public Administrative Law and Procedure § 35, at 425, and cases cited therein. The actions of DES to collect the balance owing by Meister were clearly authorized by section 35–4–5(e). Although its actions are subject to review by the courts, only those actions which are arbitrary and capricious and not within the scope of authority granted to it may be invalidated.

The circuit court's cease and desist order is vacated.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.

---

**2.** The section incorrectly refers to title 34, which correctly cited should be title 35.