3 P.3d 1166

Robert J. JARDANOWSKI, and
Sheldon Keys, Petitioners,

v.

The INDUSTRIAL COMMISSION
OF ARIZONA, Respondent,

Lee Fabricating, and Morris Industries,
Respondent Employers,

State Compensation Fund,
Respondent Carrier.

Nos. 1 CA–IC 98–0170, 1 CA–IC 99–0011.

Court of Appeals of Arizona,
Division 1, Department A.

Feb. 8, 2000.

Van Baalen Law Offices by Peter T. Van Baalen, Phoenix, for Petitioner Jardanowski.

Law Offices of Chris T. Johnson, P.C., by Chris T. Johnson, Phoenix, for Petitioner Keys.

Anita R. Valainis, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for Respondent.

James F. Crane, Chief Counsel, State Compensation Fund, by James B. Stabler, Phoenix, for Respondent Employers and Carriers.

## OPINION

THOMPSON, Judge.

¶ 1 This is a consolidated statutory special action review of two Industrial Commission of Arizona (ICA) awards and decisions upon review involving common legal issues. In both claims, the administrative law judges applied Ariz.Rev.Stat. Ann. (A.R.S.) § 23–1028(A) to forfeit petitioners' entitlement to all workers' compensation disability, medical, and other benefits based upon convictions for theft under A.R.S. § 13–1802(A)(3) (Supp. 1998) for having knowingly made false representations to obtain temporary partial disability compensation. Because we conclude that forfeiture requires conviction under A.R.S. § 23–1028(A), we set aside the awards and decisions upon review.[1]

### FACTUAL AND PROCEDURAL HISTORY

¶ 2 Petitioners Robert Jardanowski and Sheldon Keys both suffered compensable lower back injuries. Jardanowski was treated conservatively; Keys required lower back surgery.

¶ 3 The State Compensation Fund (SCF) required Jardanowski and Keys to submit monthly status reports documenting their earnings. Relying on those reports, SCF paid Jardanowski and Keys temporary partial disability compensation.

¶ 4 SCF closed Jardanowski's claim with permanent impairment, and ICA subsequently awarded monthly permanent partial disability compensation of $488.02. *See generally* A.R.S. § 23–1047. SCF closed Keys's claim with permanent impairment, and ICA awarded monthly permanent partial disability compensation of $627.85.

¶ 5 It was later determined that the status reports on which these disability awards were based were false, leading to criminal proceedings in which Jardanowski and Keys each pled guilty to theft. Regarding Jardanowski's criminal proceeding, the workers' compensation claim file includes only a minute entry indicating, among other things, that (1) the victim (SCF) addressed the court and submitted a statement; (2) the court found Jardanowski guilty based upon a plea; (3) the court entered a judgment of guilt for theft designated as a class 6 felony; and (4) the court imposed a sentence and ordered restitution to the victim of $10,358.78.

¶ 6 Regarding Keys's criminal proceeding, the workers' compensation claim file includes only transcripts from a settlement conference and a sentencing hearing. During the settlement conference, the attorneys discussed a change in the plea agreement:

> MR. BOND [Keys's attorney]: [W]ith the particular plea offer as it is set forth now, there is not an automatic cessation for all types of compensation benefits, although that is something that could well happen as a result of the plea.
>
> However, it is my understanding that there is room to challenge cessation of benefits on a forever basis with the plea as currently offered, whereas *the one that they had on the table before, that was not the case, because they would have him plead to that statute that cuts off everything,* and I think that is—

---

1. Given this disposition, we need not decide whether A.R.S. § 23–1028(A) mandates a permanent forfeiture of all post-conviction disability, medical, and other benefits under the Arizona Workers' Compensation Act.

MS. HERNANDEZ [Assistant Attorney General]: Yeah, that's correct. The plea now is just to a regular theft, Class 4, stip probation. You know, it will be up to the State Comp Fund, and I suppose Mr. Keys'[s] State Comp attorney will deal with the State Fund. You know, *it is still a possibility but it is not automatic.*

I assume he would have a hearing and they would make their determination with the plea the way it was. *Before, it was an automatic cut off of any future benefits with that plea agreement, but that provision is not in here.*

(Emphasis added.)

¶ 7 The court ultimately accepted Keys's plea of guilty to "Count II, theft, a Class 4 felony." During the sentencing hearing, among other things, the court entered a judgment of guilt, ordered restitution of $22,443.00, and dismissed count one.

¶ 8 SCF issued notices "permanently suspend[ing]" all of Jardanowski's and Keys's workers' compensation benefits.[2] Both Jardanowski and Keys timely requested hearings. In both claims, memoranda were submitted in lieu of hearings.

¶ 9 The administrative law judges then issued the forfeiture awards. Both concluded that a conviction for theft under A.R.S. § 13–1802(A)(3) satisfies A.R.S. § 23–1028(A) and that the statute mandates a permanent forfeiture of all post-conviction disability, medical, and other benefits under the Arizona Workers' Compensation Act.[3] In the Jardanowski award, the administrative law judge reasoned that a conviction for theft satisfies A.R.S. § 23–1028(A) because (1) this section does not create a new criminal offense and instead sets the minimum punishment for the specified type of theft or fraud; and (2) the elements of A.R.S. §§ 13–

1802(A)(3) and 23–1028(A) are "virtually identical." In Keys's award, the administrative law judge reasoned that a conviction for felony theft "amounts to" having knowingly made a false representation "in contemplation of" A.R.S. § 23–1028(A) because (1) the language of A.R.S. § 13–1802(A)(3) "tracks very closely that in A.R.S. § 23–1028(A)"; and (2) the only difference between a class four and a class six felony under A.R.S. § 13–1802 is the value of the property involved in the theft.

¶ 10 The administrative law judges summarily affirmed these awards on administrative review. Jardanowski and Keys timely filed petitions for statutory special action review.

¶ 11 We have jurisdiction under A.R.S. §§ 12–120.21(A)(2), 23–951(A), and Ariz. R.P. Spec. Act. 10. In response to SCF's motion, we have consolidated the two claims for briefing and disposition of the common legal issues presented in each claim.

## DISCUSSION

### A. Statutory Text and History

¶ 12 Section 23–1028(A) provides as follows:

If in order to obtain any compensation, benefit or payment under the provisions of this chapter, either for himself or for another, any person knowingly makes a false statement or representation, such person is guilty of a class 6 felony, and, if the person is a claimant for compensation, benefit or payment, he shall in addition forfeit all right to such compensation, benefit or payment *after conviction of the offense.*

(Emphasis added.)[4]

¶ 13 This provision dates from the 1925

2. The notice of January 1998 suspending Keys's benefits was premature. *See* A.R.S. § 23–1028(A) (requiring "conviction" to trigger forfeiture). Because the issue has not been raised, we do not address whether a carrier has authority unilaterally to forfeit benefits or must apply to ICA for forfeiture. *Cf. Godfrey v. Industrial Comm'n,* 124 Ariz. 153, 155–58, 602 P.2d 821, 823–26 (App.1979) (discussing void unilateral suspensions).

3. The administrative law judge in the Keys case corrected the effective date of the forfeiture to the date of Keys's conviction for theft.

4. Section 23–1028(B) addresses sentences to pay a fine and restricts the maximum amount of any fine to $50,000.00. *Cf.* A.R.S. § 13–801(A) (allowing maximum fine of $150,000.00 for felony). A fine is a payment to a sovereign as punishment for some offense. *See United States v. Bajakajian,* 524 U.S. 321, 327, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998). Because forfeiture under

Act.[5] *See* House Bill No. 227, 1925 Ariz. Sess. Laws 345, 408. In 1978, as a part of a comprehensive act entitled "Crimes And Offenses," the legislature amended A.R.S. § 23–1028(A) to change the required mental state from "wilfully" to "knowingly" and to designate the offense as a "class 2" misdemeanor. *See* 1978 Ariz. Sess. Laws 677, 803. In 1994, in an Act entitled "Workers' Compensation—Fraud," the legislature amended A.R.S. § 23–1028(A) to increase the penalty from a misdemeanor to a class 6 felony.[6] *See* 1994 Ariz. Sess. Laws 260, 261. This Act also included an express declaration of legislative intent:

> It is the intent of the legislature that the penalty for knowingly making a false statement or representation to obtain workers' compensation benefits be changed from a class 2 misdemeanor to a class 6 felony for the following reasons:
>
> 1. Workers' compensation fraud harms employers by contributing to the increasingly high cost of workers' compensation insurance and self-insurance and harms employees by undermining the perceived legitimacy of all workers' compensation claims.
>
> 2. The prevention of workers' compensation fraud may reduce the number of workers' compensation claims and claim payments that could consequently reduce workers' compensation costs. The prevention of workers' compensation fraud will assist in restoring confidence and faith in the workers' compensation system and will facilitate expedient and full compensation for employees who are injured at the workplace.

*Id.* at 260.

¶ 14 Finally, in 1997, in an act entitled "Insurance Fraud Unit—Omnibus," the legislature added a definition of "statement" within A.R.S. § 23–1028(A) and the following penalty provision: "Any person who *commits a violation under this section* is also subject to the penalties prescribed in sections 20–466.02 and 20–466.04." 1997 Ariz. Sess. Laws 2576, 2579 (emphasis added) (effective April 29, 1997); *see also* A.R.S. § 20–466.02(C) (Supp.1998) (imposing maximum civil penalty of $5000.00 for each violation of A.R.S. § 23–1028).

### B. Double Jeopardy

█ ¶ 15 Petitioners contend that suspending their benefits after they were already convicted and sentenced for misconduct in obtaining benefits in the first place subjects them to double jeopardy. Despite the nearly 75–year history of this statutory forfeiture provision, no case that we have discovered has applied it.[7]

█ ¶ 16 We, however, have discovered a supreme court case applying A.R.S. §§ 23–778[8] and 23–785,[9] two statutes dealing with

---

A.R.S. § 23–1028(A) does not involve a payment to any sovereign, Keys's contention that forfeiture violates the Excessive Fines Clause is without merit. *See generally* U.S. Const. amend. VIII.

5. Keys's contention that forfeiture violates the Arizona Constitution also is without merit. *See* Ariz. Const. art. 18, § 8 (requiring initiated or referred measure to reduce the percentages and amounts of compensation provided in House Bill No. 227).

6. This amendment also added A.R.S. § 23–1028(B). *See* 1994 Ariz. Sess. Laws 260, 261.

7. SCF cites *Southwest Nurseries v. Industrial Commission*, 133 Ariz. 171, 650 P.2d 473 (App. 1982), but this case does not apply A.R.S. § 23–1028(A). It instead holds that this section is not the exclusive remedy for workers' compensation fraud. *See id.* at 174, 650 P.2d at 476.

8. Current A.R.S. § 23–778 provides as follows:

Any person who, within the twenty-four calendar months immediately preceding a week in which he files a valid claim for benefits, has made a false statement or representation of a material fact knowing it to be false, or knowingly failed to disclose a material fact with intent to obtain benefits under this chapter, shall be disqualified for the week for which the claim was filed and for not more than the fifty-one weeks immediately following such week as determined by the commission according to the circumstances in each case.

9. Current A.R.S. § 23–785 allows suspension of benefits for as long as one year:

Any person who knowingly makes a false statement or representation believing it to be false or who knowingly fails to disclose a material fact in order to obtain or increase a benefit or other payment under this chapter either for himself or for another person, or under an employment security law of another state, the federal government or a foreign government, is

false statements made in connection with claims for unemployment benefits, which assists us in analyzing A.R.S. § 23–1028 and petitioners' double jeopardy claims. *See Miranda v. Beaman*, 95 Ariz. 388, 391 P.2d 555 (1964). In *Miranda*, an applicant for unemployment benefits knowingly submitted false statements of weekly earnings to obtain those benefits. *Id.* at 390–91, 391 P.2d at 556–57. After he pled guilty to offenses based upon this conduct,[10] he was disqualified from receiving unemployment benefits on another claim. *See id.* Our supreme court rejected the applicant's argument that this disqualification constituted double jeopardy:

> As to Miranda's first contention §§ 23–778 and 23–785 A.R.S. (1956) are neither inconsistent, nor cumulative. The latter section *makes it a criminal offense* to make a false statement or fail to disclose a material fact knowingly in order to obtain benefits under the Employment Security Act, *and imposes a penalty upon conviction.* Section 23–778, on the other hand, goes to the *qualification of an applicant for benefits in the future.* No question of double jeopardy can be raised because of the application of both of the statutes, since only one is a criminal offense. The double jeopardy clause does not preclude the imposition of both a *criminal and a civil sanction in respect of the same act or omission. Helvering v. Mitchell*, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938).

*Id.* at 391, 391 P.2d at 557 (emphasis added).[11]

¶ 17 This same analysis applies to A.R.S. § 23–1028(A). The first clauses of A.R.S. §§ 23–1028(A) and 23–785 are substantially similar. The former also makes the proscribed conduct "a criminal offense" and "imposes a penalty upon conviction." *Miranda*, 95 Ariz. at 391, 391 P.2d at 557. We also note that the legislature characterized A.R.S.

§ 23–1028(A) as an "offense" when it amended this statute in 1978 and in 1997 imposed a civil penalty for its violation. Furthermore, the record in Keys's criminal case implies that he actually was indicted for violating A.R.S. § 23–1028(A). *See* A.R.S. § 13–602(F) (referring to offenses defined "outside this title").

¶ 18 The benefits disqualification statute discussed in *Miranda*, A.R.S. § 23–778, is very similar to the second clause of A.R.S. § 23–1028(A). The second clause of A.R.S. § 23–1028(A) imposes the onerous sanction of permanent forfeiture, while A.R.S. § 23–778 imposes the lesser sanction of temporary disqualification. But both provisions determine "the qualification of an applicant for benefits in the future." *Miranda*, 95 Ariz. at 391, 391 P.2d at 557.

¶ 19 We also note that if forfeiture were a criminal penalty, which may be imposed only after conviction for the offense, *see generally* A.R.S. § 13–603(A), it would have been unnecessary for the legislature to have specified that forfeiture is effective only after conviction, *see generally Williams v. Thude*, 188 Ariz. 257, 259, 934 P.2d 1349, 1351 (1997) (construing statute so that no part will be void, inert, redundant or trivial).

¶ 20 Applying the analytic structure set forth in *Miranda*, we accordingly conclude that the first clause of A.R.S. § 23–1028(A) defines an offense for which a defendant may be convicted. The second clause of A.R.S. § 23–1028(A) facially imposes a civil, rather than a criminal, sanction. *See generally Hudson*, 522 U.S. at 98–105, 522 U.S. 93. Thus, the prohibition against double jeopardy is not implicated by imposition of the civil sanction of the second clause of A.R.S. § 23–1028(A) after a criminal conviction based on false statements made to obtain benefits.

---

guilty of a class 6 felony. Each such false statement or representation of failure to disclose a material fact shall constitute a separate offense.

10. The court's opinion does not identify the charged offense, but its subsequent discussion of A.R.S. § 23–785 implies that applicant was convicted of violating this statute. *See Miranda* at 391, 391 P.2d at 556–57.

11. Although the characterization of a sanction as civil as opposed to criminal remains important, it is no longer dispositive. *See, e.g., Hudson v. United States*, 522 U.S. 93, 98–105, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997); *Martin v. Superior Court*, 195 Ariz. 293, ¶ 22, 987 P.2d 779, 789 (App.1999).

## C. Interpretation of A.R.S. § 23–1028(A)

■ ¶ 21 We next determine whether a conviction for theft under A.R.S. § 13–802(A)(3) satisfies A.R.S. § 23–1028(A). The issue, more precisely stated, is the meaning of the term "offense" as used in the phrase "after conviction of the offense" in A.R.S. § 23–1028(A).

¶ 22 Jardanowski and Keys interpret "offense" to refer to the offense defined in A.R.S. § 23–1028(A), thus requiring a conviction for violating this section itself to trigger forfeiture. SCF interprets "offense" to refer to the conduct proscribed in A.R.S. § 23–1028(A), thus allowing a conviction for any crime based upon the proscribed conduct to trigger forfeiture.

¶ 23 Because both interpretations are plausible,[12] A.R.S. § 23–1028(A) is ambiguous. *See, e.g., Hayes v. Continental Ins. Co.,* 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994) (allowing resort to methods of statutory interpretation in cases of ambiguity). For the reasons that follow, we conclude that "offense" most reasonably means the offense defined in A.R.S. § 23–1028(A).

¶ 24 First, both A.R.S. § 23–1028(B) and A.R.S. § 20–466.02(C) refer to violations of A.R.S. § 23–1028(A). In contrast, when the legislature has intended to refer to underlying conduct, it has unambiguously expressed this intent. *See, e.g.,* A.R.S. § 13–4310(C) (Supp.1998) ("A defendant convicted in *any criminal proceeding* shall be precluded from subsequently denying the *essential allegations of the criminal offense* of which he was convicted . . . .") (emphasis added).

¶ 25 Second, we need not accept SCF's interpretation to permit prosecution under A.R.S. § 13–1802(A)(3) and thereby afford prosecutorial discretion to seek a conviction for theft and the possibility of sterner punishment than that available under A.R.S. § 23–1028. Prosecution for violating both A.R.S. §§ 13–1802(A)(3) and 23–1028 is permitted so long as each section has a different statutory element. *See State v. Cook,* 185

Ariz. 358, 361, 916 P.2d 1074, 1077 (App. 1995). If the elements differ, then "[a]n act . . . which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent." *Id.* at 365, 916 P.2d at 1081 (quoting in part A.R.S. § 13–116); *see also State v. Gordon,* 161 Ariz. 308, 311–16, 778 P.2d 1204, 1207–12 (1989).

¶ 26 The elements of A.R.S. §§ 13–1802(A)(3) and 23–1028(A) are not identical. The former requires a defendant to have obtained property; the latter does not. *See Cook,* 185 Ariz. at 362, 916 P.2d at 1078 (offense requiring proof that defendant obtained a benefit differs from offense that does not include such requirement). Also, A.R.S. § 23–1028(A) requires a specific intent to obtain workers' compensation benefits; A.R.S. § 13–1802(A)(3) does not require this specific intent. *See Cook,* 185 Ariz. at 364, 916 P.2d at 1080 (statute prohibiting scheme or artifice involving securities transaction differs from statute generally applicable to scheme or artifice for financial gain).

¶ 27 Because prosecution for violating both A.R.S. §§ 13–1802(A)(3) and 23–1028 is permitted, prosecutors will have maximum flexibility when conduct violates both sections. Minor cases may be prosecuted solely for theft without triggering forfeiture, obviating constitutional concerns that would arise if every theft conviction triggered forfeiture. *Cf. Hudson,* 522 U.S. at 100–03, 118 S.Ct. 488 (disavowing *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), but recognizing that civil penalty may constitute double jeopardy); *see generally Dunn v. Industrial Comm'n,* 177 Ariz. 190, 196, 866 P.2d 858, 864 (1994) (interpreting A.R.S. § 23–1046 to avoid "serious constitutional problems"). Intermediate cases may be prosecuted under both sections, with the consequence of civil forfeiture creating a powerful incentive to guilty pleas to theft. Finally, serious cases may be prosecuted to conviction under both sections, resulting in

---

**12.** *Cf.* A.R.S. § 13–105(23) (defining "offense" to mean "conduct for which a sentence to a term of

imprisonment or of a fine is provided by any law . . .").

**252**

the maximum criminal sentence and civil forfeiture.

¶ 28 Third, SCF's interpretation trivializes the first clause of A.R.S. § 23–1028(A). All violations of the offense defined in A.R.S. § 23–1028(A) constitute either attempted theft or theft. *See* A.R.S. §§ 13–1001(A)(2) and 13–1802(A)(3). Theft crimes generally carry more severe penalties than does A.R.S. § 23–1028(A). Consequently, if SCF were correct, prosecutions for violations of A.R.S. § 23–1028(A) likely would rarely occur. *See generally Williams,* 188 Ariz. at 259, 934 P.2d at 1351 (construing statute so that no part will be trivial).

## CONCLUSION

¶ 29 We hold that a conviction for theft under A.R.S. § 13–1802(A)(3) does not satisfy A.R.S. § 23–1028(A). In the claims under review, Jardanowski and Keys suffered compensable injuries. Their entitlement to workers' compensation for these injuries is constitutionally protected in Arizona. *See* Ariz. Const. art. 18, § 8. Although courts will enforce a statutory forfeiture, *see Thomas v. Given,* 75 Ariz. 68, 70, 251 P.2d 887, 889 (1952), in our opinion the Arizona Constitution mandates strict compliance with A.R.S. § 23–1028(A).

¶ 30 We accordingly set aside both awards and decisions upon review.

CONCURRING: REBECCA WHITE BERCH, Presiding Judge, and E.G. NOYES, Jr., Judge.