177 P.3d 873

**Alfonso L. OBREGON, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Sun Lakes, Respondent Employer,**

**SCF of Arizona, Respondent Carrier.**

**No. 1 CA–IC 07–0020.**

Court of Appeals of Arizona, Division 1, Department E.

Feb. 28, 2008.

Review Denied June 3, 2008.

Law Office of Trace A. Bartlett By Trace A. Bartlett, Tempe, Attorney for Petitioner Employee.

Laura L. McGrory, Chief Counsel, The Industrial Commission of Arizona, Phoenix, Attorney for Respondent.

James B. Stabler, Chief Counsel, SCF of Arizona By Ronald C. Wills, Phoenix, Attorneys for Respondents Employer and Carrier.

## OPINION

GEMMILL, Chief Judge.

¶ 1 In this special action review of an Industrial Commission of Arizona ("ICA") decision upon review for a forfeiture of all workers' compensation benefits, we must determine the proper interpretation of Arizona Revised Statutes ("A.R.S.") section 23–1028(A) (Supp.2006). Petitioner Employee Alfonso L. Obregon ("Claimant") was convicted of violating § 23–1028 by making false statements to obtain temporary partial dis-

ability benefits. The question is whether the forfeiture imposed by § 23–1028(A) applies to all workers' compensation benefits or only those benefits obtained by the false statements. We agree with Claimant that the forfeiture imposed by A.R.S. § 23–1028(A) does not apply to his permanent partial disability benefits or to any other compensation, benefits, or payments not obtained by fraudulent conduct. Because the administrative law judge ("ALJ") reached the opposite conclusion in his decision upon review, we set aside the award.

## BACKGROUND

¶ 2 Claimant experienced sudden back pain in 2003 while working as a laborer at a golf course. He filed a workers' compensation claim that was accepted for benefits. He received temporary total and temporary partial disability benefits until his claim was closed with an unscheduled permanent partial impairment.

¶ 3 The ICA next entered its findings and award for an eight percent permanent partial impairment and no loss of earning capacity. Claimant requested a hearing to challenge the earning capacity finding. Prior to the hearing, the parties reached agreement that Claimant had sustained a loss of earning capacity and was entitled to permanent partial disability benefits of $167.30 per month. The parties' stipulation to this effect was approved by an ALJ in November 2005.

¶ 4 In May 2006, Claimant was found guilty of false statements to obtain compensation benefits pursuant to A.R.S. § 23–1028. This conviction was based on Claimant having fraudulently obtained temporary partial disability benefits from March 2004 through October 2004. He was placed on probation and ordered to pay restitution and various fees and surcharges.

¶ 5 In June 2006, the respondent carrier, SCF of Arizona, issued a notice of suspension of benefits pursuant to A.R.S. § 23–1028. The notice stated that "all benefits are permanently suspended effective 5/23/06 due to your conviction." The Claimant timely protested, and an ICA hearing was scheduled.

¶ 6 No testimony was taken at the ICA hearing because the pertinent facts were undisputed and the result would be determined by interpretation of whether A.R.S. § 23–1028(A) imposes a forfeiture of all future workers' compensation benefits or only those benefits obtained by fraud.

¶ 7 The ALJ entered his initial award interpreting A.R.S. § 23–1028(A) to mean that Claimant forfeited only the workers' compensation benefits that he had obtained by fraud. The respondent carrier and employer (jointly "SCF") timely requested administrative review. Upon further consideration, the ALJ concluded that § 23–1028(A) required forfeiture of all future workers' compensation benefits.

¶ 8 The Claimant brought this statutory special action, seeking review of the ALJ's ruling. We have jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(2) (2003), 23–951(A) (1995), and Arizona Rules of Procedure for Special Actions 10.

## ANALYSIS

¶ 9 We apply a *de novo* standard of review to issues of statutory interpretation and application. *Naslund v. Indus. Comm'n,* 210 Ariz. 262, 264, ¶ 8, 110 P.3d 363, 365 (App.2005); *O'Connor v. Hyatt,* 207 Ariz. 409, 411, ¶ 4, 87 P.3d 97, 99 (App.2004).

¶ 10 Does A.R.S. § 23–1028(A) require a total forfeiture of all workers' compensation benefits or only those benefits that were obtained by the fraudulent conduct? This is an issue of first impression. Despite its nearly 83–year history, no reported appellate decision has affirmed the application of the forfeiture provision. *See Jardanowski v. Indus. Comm'n,* 197 Ariz. 246, 248–49, 252, ¶¶ 12–15, 29, 3 P.3d 1166, 1168–69, 1172 (App. 2000) (describing the history of § 23–1028 and finding it not applicable in that case).[1]

¶ 11 Our goal in interpreting a statute is to ascertain and give effect to the legislative intent. *Maycock v. Asilomar Dev., Inc.,* 207 Ariz. 495, 500, ¶ 24, 88 P.3d

565, 570 (App.2004); *Garden Lakes Cmty. Ass'n, Inc. v. Madigan,* 204 Ariz. 238, 241, ¶ 14, 62 P.3d 983, 986 (App.2003). We look first to the language of the statute as the most reliable indicator of its meaning. *Id.* The words of a statute must be given their ordinary meaning unless it appears from the context that a different meaning is intended. *See* A.R.S. § 1–213 (2002).

¶ 12 Section 23–1028(A), A.R.S., provides:

If in order to obtain any compensation, benefit or payment under the provisions of this chapter, either for himself or for another, any person knowingly makes a false statement or representation, such person is guilty of a class 6 felony, and, if the person is a claimant for compensation, benefit or payment, he shall in addition forfeit all right to such compensation, benefit or payment after conviction of the offense.

¶ 13 Under the first clause of § 23–1028(A), any person who knowingly makes a false statement or representation for the purpose of obtaining—for himself or another— any "compensation, benefit or payment" under the workers' compensation statutes is guilty of a Class 6 felony:

If in order to obtain any compensation, benefit or payment under the provisions of this chapter, either for himself or for another, any person knowingly makes a false statement or representation, such person is guilty of a class 6 felony, . . .

The second clause of § 23–1028(A) provides that if this person is the benefit claimant, he forfeits his right to "*such* compensation, benefit, or payment" after conviction:

. . . and, if the person is a claimant for compensation, benefit or payment, he shall in addition forfeit all right to *such* compensation, benefit or payment after conviction of the offense.

(Emphasis added.)

¶ 14 Claimant argues that "such compensation, benefit or payment" refers to the payments obtained fraudulently. SCF contends that "such compensation, benefit or payment" refers to any benefits or payments for

---

1. In *Jardanowski,* we specifically did not reach the issue presented here. 197 Ariz. at 247 n. 1, ¶ 1, 3 P.3d at 1167 n. 1.

which the person is or may in the future be a claimant. Although the legislative intent is not crystal clear, for the reasons that follow we adopt the interpretation that limits the forfeiture to those payments resulting from fraudulent conduct.

¶ 15 We find it helpful to reduce this statutory language to its essence as applicable here: any person knowingly making a false statement in order to obtain workers' compensation payments is guilty of a felony, and if that person is the benefit claimant, he forfeits his right to *such* payments after conviction. The first usage of the phrase "compensation, benefit or payment" within § 23–1028(A) describes the benefits or payments obtained by making the false statement. Read in this light, the payments to be forfeited are those obtained by the fraud. As applied here, Claimant must forfeit all temporary partial disability benefits received as a result of his fraudulent conduct but not his entitlement to permanent partial disability benefits.

■ ¶ 16 This interpretation is supported by the principle that each word or phrase in a statute must be given meaning so that no part is rendered void, superfluous, contradictory, or insignificant. *See Pinal Vista Prop., L.L.C. v. Turnbull,* 208 Ariz. 188, 190, ¶ 10, 91 P.3d 1031, 1033 (App.2004). The interpretation we adopt gives the word "such" an appropriate meaning: "such" refers back to the first clause of the statute and to payments obtained by fraud. In contrast, the interpretation urged by SCF eliminates the need for the word "such" in § 23–1028(A), as if it stated:

> If in order to obtain any compensation, benefit or payment under the provisions of this chapter, either for himself or for another, any person knowingly makes a false statement or representation, such person is guilty of a class 6 felony, and, if the person is a claimant for compensation, benefit or payment, he shall in addition forfeit all right to ... compensation, benefit or payment after conviction of the offense.

¶ 17 If the legislature had intended a complete and permanent forfeiture, it could have deleted the word "such." [2] Or it might have used "any" or "all" in the place of "such." Similar statutes from other states use language more clearly imposing a total forfeiture. *See, e.g.,* FLA. STAT. § 440.09(4) (Supp. 1994) (without using "such," "any," or "all," the statute provides that the employee "shall not be entitled to compensation or benefits under this chapter"); LA.REV.STAT. ANN. § 23:1208 (Supp.2007) (using "any," the statute states that the employee shall "forfeit any right to compensation benefits"); COLO. REV.STAT. § 8–43–402 (2003) (the person "shall forfeit all right to compensation") [3]; IDAHO CODE ANN. § 72–801 (Supp.2007) ("upon conviction for such offense he shall forfeit all right to compensation").

■ ¶ 18 Absent specific statutory language, we will not construe a statute to

2. Indeed, if we were called upon to interpret the meaning of the original statute enacted in 1925, we would likely agree with the position advanced by SCF. Noticeably absent from the 1925 statute is the word "such" in describing the compensation that is forfeited. The 1925 statute provided:

> If, for the purpose of obtaining any bentfit [sic] or payment under the provisions of this Act, either for himself or for any other person, any one willfully makes a false statement or representation, he shall be guilty of a misdemeanor, and *if a claimant he shall forfeit all right to compensation under this Act* after conviction for such offense.

1925 Ariz. Sess. Laws, ch. 83, § 77 (emphasis added). The 1928 version of this provision introduced the phrase "compensation, benefit or payment" and the word "such," which we believe refers back to "compensation, benefit or payment" obtained by fraud:

> If to obtain any compensation, benefit or payment under the provisions hereof, either for himself or for another, any person willfully makes a false statement or representation, he shall be guilty of a misdemeanor, and, *if a claimant, shall forfeit all right to such compensation, benefit or payment,* after the conviction for such offense.

Rev.Code 1928, § 1457 (emphasis added).

3. Even though the Colorado statute contains this broad language, the Supreme Court of Colorado concluded that only those benefits fraudulently obtained must be forfeited. *See Wolford v. Pinnacol Assurance,* 107 P.3d 947, 955 (Colo.2005) ("To give effect to all provisions in the Workers' Compensation Act and preserve the intent of the General Assembly, a conviction under section 8–43–402 only requires the forfeiture of the compensation that was obtained as a result of false statements.").

require a forfeiture of workers' compensation benefits to which a claimant is otherwise entitled. *Marriott Corp. v. Indus. Comm'n of Ariz.*, 147 Ariz. 116, 122, 708 P.2d 1307, 1313 (1985) ("Any statutory construction which would exclude an employee from workers' compensation protection will require *specific language* to that effect.") (emphasis added); *see also E & S Insulation Co. of Ariz. v. E.L. Jones Const. Co.*, 121 Ariz. 468, 471, 591 P.2d 560, 563 (App.1979) ("Since a bar to recovery for work done is in the nature of a forfeiture, it is reasonable to expect that the Legislature will express the prohibition specifically when such intent is present.").

¶ 19 The language of A.R.S. § 23–1028(A) unquestionably supports the proposition that workers' compensation benefits obtained as a result of fraud must be forfeited. Section 23–1028(A) does not, however, contain specific language clearly expressing a legislative intent that all benefits must be forfeited even if only a portion of the benefits were paid because of the claimant's fraud. We conclude that the language of § 23–1028(A) falls short of the standard established by our supreme court to impose a complete forfeiture under these facts. *Marriott Corp.*, 147 Ariz. at 122, 708 P.2d at 1313 ("Absent a *specific* statutory bar to eligibility, the employee's right to opt for workers' compensation benefits is constitutional and other legislation is impotent to deprive him of it.") (emphasis added).

¶ 20 SCF argues that the phrase "such compensation, benefit or payment" within § 23–1028(A) refers to the immediately preceding usage of "compensation, benefit or payment," which, according to SCF, encompasses *all* benefits and payments even if the first usage of "compensation, benefit or payment" refers only to those benefits and payments obtained by fraud. We disagree.

■ ¶ 21 The initial usage of "compensation, benefit or payment" in § 23–1028(A) described benefits or payments obtained by the fraud. Because the phrase "compensation, benefit or payment" appears three times in § 23–1028(A), it should be given the same meaning each time. It is a " 'normal rule of statutory construction' that 'identical words used in different parts of the same Act are intended to have the same meaning.' " *Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561, 570, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995) (quoting *Dep't of Revenue of Ore. v. ACF Indus., Inc.*, 510 U.S. 332, 342, 114 S.Ct. 843, 127 L.Ed.2d 165 (1994)). This principle is even stronger when the phrase appears within the same statutory sentence. *See Colo. Common Cause v. Meyer*, 758 P.2d 153, 161 (Colo.1988) ("This rule of consistent usage ... should have even more force where the identical words or phrases appear within the same sentence of a statutory definition.") (citations omitted). We therefore reject SCF's argument and conclude that the phrase "compensation, benefit or payment" has the same meaning each time it is used in § 23–1028(A): it refers to benefits or payments received as the result of fraudulent or false statements.

¶ 22 In 1994 the legislature amended § 23–1028(A) to elevate the criminal offense to a class 6 felony. In conjunction with this amendment, the legislature issued the following statement of intent:

Section 1.   Intent

It is the intent of the legislature that the penalty for knowingly making a false statement or representation to obtain workers' compensation benefits be changed from a class 2 misdemeanor to a class 6 felony for the following reasons:

1.   Workers' compensation fraud harms employers by contributing to the increasingly high cost of workers' compensation insurance and self-insurance and harms employees by undermining the perceived legitimacy of all workers' compensation claims.

2.   The prevention of workers' compensation fraud may reduce the number of workers' compensation claims and claim payments that could consequently reduce workers' compensation costs. The prevention of workers' compensation fraud will assist in restoring confidence and faith in the workers' compensation system and will facilitate expedient and full compensation for employees who are injured at the workplace.

SCF contends that this statement of intent supports interpreting § 23–1028(A) to require forfeiture of all workers' compensation benefits or payments, not merely those obtained as a result of the fraud. We believe, however, that the statement of intent simply explains the legislature's rationale for increasing the severity of the criminal offense from a class 2 misdemeanor to a class 6 felony. This 1994 statement does not address the interpretation of the forfeiture language that has existed in substantially similar form in this provision since 1928.

¶ 23 Additionally, our interpretation of § 23–1028(A) is supported by the following principles stated by our supreme court in *Marriott Corp.*:

> We note that the Workers' Compensation Act as a whole is remedial in character and is to be construed liberally to effect its purpose. Also, industrial compensation is not based on the good moral character of the claimant but is founded simply on an injury that is within the scope of the Workers' Compensation statutes.

147 Ariz. at 120–21, 708 P.2d at 1311–12 (citation omitted).

## CONCLUSION

■ ¶ 24 If a workers' compensation claimant submits a false report of an industrial injury when the injury was actually sustained during non-job-related recreation over a weekend, the claimant will forfeit under A.R.S. § 23–1028(A) all right to any "compensation, benefit or payment" because such benefits or payments would be the result of fraud. On the other hand, if a claimant files a false statement to obtain temporary disability benefits, only those benefits received as a result of the fraud must be forfeited under § 23–1028(A).[4]

4. We emphasize that, in reaching our conclusions in this opinion, we have engaged in ordinary statutory interpretation of § 23–1028(A). No constitutional issue was raised by either party. We have not addressed whether Article 18, section 8, of the Arizona Constitution might be applicable to limit legislative power to impose a forfeiture of workers' compensation benefits that are not the result of false statements or misrepresentations. *Cf. Grammatico v. Indus. Comm'n,*

¶ 25 Accordingly, we set aside the ALJ's decision upon review.

CONCURRING: SHELDON H. WEISBERG, Presiding Judge, and PHILIP HALL, Judge.

211 Ariz. 67, 72, ¶ 25, 117 P.3d 786, 791 (2005) (declaring unconstitutional, under the first paragraph of Article 18, section 8, statutes that limited recovery when claimants had tested positive for or had consumed alcohol or drugs near time of accidents); *Naslund,* 210 Ariz. at 263, ¶ 1, 110 P.3d at 364 (declaring unconstitutional, under the second paragraph of Article 18, section 8, a legislative enactment that limited recovery of temporary partial disability payments).